Robert COLEMAN, Appellant

v.

Ronnie CARPENTIER, Appellee.

No. 09–03–048 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 12, 2003.

Decided March 25, 2004.

Richard R. Burroughs, Cleveland, for appellant.

H. Dan Johnston, Sullins, Johnston, Rohrbach & Magers, PC, Houston, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Ronnie Carpentier had a dispute with *Coleman Construction Company* regarding the cost of repairs and improvements to Carpentier's San Jacinto County real property.[1] As a result, *Robert Coleman, Inc.*, in 1987, placed a Mechanic's and Materialman's Lien against Carpentier's property in the amount of $3,089. On September 9, 1988, Carpentier filed suit (Cause No. 7841) against *Robert Coleman, Inc.* for slander of title. On September 8, 1989, the San Jacinto County District Court entered judgment in favor of Carpentier and against *Robert Coleman, Inc.* in the amount of $135,000.00, plus post-judgment interest and costs.

In an attempt to collect on the unsatisfied judgment, on September 30, 1993, Carpentier filed an original and later a first amended "Application for Turnover, for Appointment of a Receiver and for Injunctive Relief." The application sought to prevent *Robert Coleman, Inc.*, the judgment debtor, from placing property available to satisfy the judgment outside of the reach of lawful process of the court. The first amended application for turnover joined as additional parties the following: *Robert Coleman, Robert C. Coleman, Triple B Enterprises, Inc.*, and

---

1. Because a complete reporter's record was not requested or filed in this case, *see infra,* the background factual information is derived from the pleadings. The various Coleman entities are emphasized because the nature of the suit makes these entities important.

*Coleman Cattle Co., Inc.* The amended application alleged that the judgment debtor was attempting to hide assets and avoid paying the judgment by utilizing the other named entities.[2] The application sought the appointment of a receiver and injunctive relief.

While the turnover application was still pending, on February 15, 1996, Carpentier filed an original and later a first amended petition (Cause No. 9121) against *Coleman Cattle Co., Inc. a/k/a Coleman Cattle Company, Inc., a/k/a Coleman Cattle, Inc.,* and *Coleman Cattle Company,* and *Robert C. Coleman, Individually.* The petition sought to set aside alleged fraudulent conveyances of real estate by the Coleman entities to hide assets and avoid paying the judgment; asked the court to apply the alter ego doctrine to the various Coleman entities; and asked the court to find that the individuals operated the corporate entity as a sham to perpetuate a fraud. The trial court ordered Cause No. 7841 to be consolidated with Cause No. 9121. The Coleman entities pleaded several allegedly applicable statutes of limitations and filed a counterclaim, seeking damages for bad faith litigation. Carpentier then moved for, and was granted, summary judgment. *See Coleman Cattle Co. v. Carpentier,* 10 S.W.3d 430, 431–32 (Tex.App.-Beaumont 2000, no pet.). The trial court's order declared certain real estate transfers void and found that *Robert Coleman* was the alter ego of *Robert Coleman, Inc.* and *Triple B. Id.* at 432. On appeal, this Court reversed and remanded for trial, holding that matters related to allegedly fraudulent conveyances and the disregarding of the corporate entity should be determined by a trier of fact. *Id.* at 434–35. A jury trial was held, and the jury found Robert Coleman responsible for the conduct of Robert Coleman, Inc. The judgment re-

cites that Robert Coleman, being the alter ego of Robert Coleman, Inc., is responsible for the 1989 judgment debt of *Robert Coleman, Inc.* On all other allegations, the jury found in favor of the Coleman entities. The trial court entered judgment that *Robert Coleman* was liable, jointly and severally, with *Robert Coleman, Inc.* for the judgment debt of $135,000.00 plus interest and costs.

### Coleman's Non-compliance with Appellate Rule 34.6(c)(1)

We first address Carpentier's contention that the trial court's judgment should be summarily affirmed due to Coleman's failure to comply with the requirements of Tex.R.App. P. 34.6(c)(1). That rule provides that if an appellant requests only a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal, and, that in the appeal, appellant will be limited to these points or issues. The record shows Coleman requested that portion of the reporter's record pertaining only to the objections to the charge and the motion for directed verdict. No statement of points or issues was, or ever has been, filed by Coleman.

■ Rule 34.6(c)(4) requires the appellate court to presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. An appellant's failure to comply with Rule 34.6(c)(1) results in a presumption that the omitted parts of the record are relevant to the disposition of the appeal, and that they support the trial court's ruling. *Christiansen v. Prezelski,* 782 S.W.2d 842 (Tex. 1990); *Gardner v. Baker & Botts, L.L.P.,* 6

---

**2.** It is alleged that *Robert C. Coleman* is the son of *Robert Coleman.*

S.W.3d 295, 298 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).[3]

The Texas Supreme Court has not required literal compliance with the rule. *See Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991); *Gallagher v. Fire Ins. Exch.,* 950 S.W.2d 370 (Tex.1997); and *Furr's Supermarkets, Inc. v. Bethune,* 53 S.W.3d 375, 377 (Tex.2001). However, in *Bennett v. Cochran,* 96 S.W.3d 227 (Tex.2002), we are instructed that "complete failure" to file the required statement of points would require the appellate court to affirm the trial court's judgment. *Id.* at 229.[4] If an appellant fails to comply with Rule 34.6(c)(1), the presumption of Rule 34.6(c)(4) is not invoked and the contrary presumption arises: the reviewing court presumes that the missing portions of the record do contain relevant evidence and that the omitted evidence supports the trial court's judgment. *CMM Grain Co., Inc. v. Ozgunduz,* 991 S.W.2d 437, 439 (Tex.App.-Fort Worth 1999, no pet.).

■ Coleman raises four points of error in his brief to the Court. In his first and third points, Appellant contends that Carpentier, having obtained a judgment only against the corporation in 1989, cannot now obtain a judgment against an individual who was not named in the original judgment. To the extent that appellant is arguing that no liability may ever be imposed upon an entity after related litigation has been reduced to judgment, he is incorrect. *Matthews Constr. Co., Inc. v.*

*Rosen,* 796 S.W.2d 692, 694 (Tex.1990), recognized the possibility of bringing a second suit against an alter ego to collect a prior judgment. Here, the trial court instructed the jury that it could find Appellant to be responsible for the conduct of the corporation if Appellant caused the corporation to be used for the purpose of perpetuating, and did perpetuate an actual fraud on Appellee, primarily for the direct personal benefit of Coleman. *See* Tex. Bus. Corp. Act Ann. art. 2.21 (Vernon 2003). As we do not have the reporter's record to review, we must presume that the evidence adduced at trial supported the judgment to disregard the corporate fiction. *Christiansen,* 782 S.W.2d at 843. Likewise, Coleman was sued in his individual capacity in the suit on appeal, and we must presume that evidence at trial supported the issues submitted to the jury. Points of Error One and Three are overruled.

The second point of error argues that the trial court erred in entering judgment against Coleman because Appellant pleaded and proved his limitations defense. In the absence of a reporter's record of the trial, we must presume that the evidence admitted at trial supports the judgment. *Id.* at 843. Point of Error Two is overruled.

■ Finally, Coleman argues that the trial court erred in failing to award costs to the three successful defendants in the case. We cannot grant a party who does

---

**3.** These cases cite former appellate Rule 53(d). Unlike the former rule, current Rule 34.6(c) permits a challenge to the legal and factual sufficiency of the evidence by an appellant who files a partial reporter's record. *Bennett v. Cochran,* 96 S.W.3d 227, 228 (Tex. 2002). Otherwise, the present rule is substantively indistinguishable from its predecessor. *See Gardner,* 6 S.W.3d at 296, n. 1. In contrast to former appellate Rule 50(d), under current Rule 35.3, the appellant no longer bears the

burden of ensuring that the record of the trial is filed in the appellate court. *See* Tex.R.App. P. 35.3(b). Nevertheless, different presumptions operate depending upon the appellant's compliance with the procedure for limited appeals.

**4.** In *Bennett,* the Court stated that "... litigants who ignore our rules do so at the risk of forfeiting appellate relief." 96 S.W.3d at 230.

not file a notice of appeal more favorable relief than did the trial court except for just cause. TEX.R.APP. P. 25.1(c). In addition, the presumption arising from an incomplete record operates to preclude reversal on assessment of costs. *See Marion v. Davis,* 106 S.W.3d 860, 869 (Tex. App.-Dallas 2003, pet. denied). We overrule Point of Error Four and affirm the judgment of the trial court.

AFFIRMED.