In the Interest of I.M.B.

No. 09–03–551 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 2, 2004.

Decided Oct. 14, 2004.

Richard O. Werlein, Magnolia, for appellant.

Katherine Scardino, Houston, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Christie E. Cope (Christie) appeals an order which, *inter alia*, granted Michael P. Bain (Michael) the exclusive right to establish the primary residence of their child, I.M.B. Said order was entered following a bench trial. A detailed rendition of the facts presented to the trial court is not possible as the reporter's record consists of six and one-half pages of noncontiguous testimonial excerpts. What does appear in the clerk's record is that in February, 2002, Christie filed a petition seeking to establish paternity of I.M.B., conservatorship of I.M.B., and medical and child support. Michael answered, admitted paternity, and counter-sued for possession of I.M.B. and child support from Christie. The trial court signed temporary orders on August 15, 2002, naming both Christie and Michael joint managing conservators of I.M.B., and further naming Michael as the parent with the right to establish I.M.B.'s primary residence. Over the course of the next year, circumstances between Christie and Michael appear to have been less than harmonious, as the record contains several motions for emergency temporary orders filed by Christie, alleging endangerment of I.M.B.'s physical, emotional, psychological and mental health while in Michael's possession. On August 11, 2003, the bench trial took place resulting in the order from which Christie prosecutes this appeal.

Christie raises four issues for our consideration:

Point 1: The Trial Court erred in denying Appellant her Constitutional and statutory right to trial by jury.

Point 2: The Trial Court erred in denying Appellant's request for trial by jury, when she paid the jury fee 27 days before trial and gave written notice of her request for jury trial to opposing counsel and to the Court a few days later as required by Government Code, § 51.604.

Point 3: The Trial Court erred in impliedly finding Rule 216, T.R.C.P. to be constitutional and controlling in refusing a jury trial.

Point 4: The Trial Court erred in awarding the superior joint managing conservatorship (physical custody) of the young child to Appellee despite prohibitions in the Family Code and despite his pattern and history of family violence by one parent against the other, of his continuing alcohol abuse, of child endangerment, and of his recent felony DWI conviction.

At the outset, we find we must overrule issue four as Christie failed to comply with Tex.R.App. P. 34.6(c)(1) when she requested a partial reporter's record from the court reporter. Rule 34.6(c)(1) provides that, if an appellant requests only a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal, and, in the appeal, appellant will be limited to those points or issues. Christie's designation of the reporter's record requests the court reporter to prepare only the following from the trial record:

1. Petitioner's trial-opening oral request for a jury trial.

2. Petitioner's offered Exhibit Nos. 1–5 and the Court's rulings on each.

Failure to comply with Rule 34.6(c)(1) results in a presumption that the omitted parts of the record are relevant to the disposition of the appeal, and that they support the trial court's ruling. *See Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990); *Coleman v. Carpentier,* 132 S.W.3d 108, 110 (Tex.App.-Beaumont 2004, no pet.). The record before us indicates a complete failure by Christie in filing the required statement of points. Therefore, we must presume that the missing portions of the record contain relevant evidence which supports the trial court's granting Michael the right to establish I.M.B.'s primary residence. *See Coleman,* 132 S.W.3d at 111. Issue four is overruled.

With regard to issues one, two, and three, Christie admits that she filed her request for a jury trial less than thirty days prior to the trial date.[1] Under issue one, she contends that, because the right to a trial by jury is based in both the United States Constitution and the Texas Constitution, Rule 216, adopted by the Texas Supreme Court under its rule-making authority, cannot override rights guaranteed by both constitutions. Under issue two, she contends that Rule 216 contradicts the provisions contained in Tex. Gov't Code Ann. § 51.604 (Vernon 1998); therefore, Rule 216 "must fall in the face of the Constitutional provisions and the enacted statute." Issue three appears to be a combination of the arguments under issues one and two.

■ Initially, we must overrule issue one and a portion of issue three as we conclude that Christie failed to preserve her constitutional claims in the trial court.

Her written request for a jury trial cites to no constitutional authority, and she did not raise the issue in any post-judgment motion. The partial reporter's record does not indicate she brought it to the trial court's attention. The only reference to the constitution we can locate in the record is in Christie's notice of appeal. The only argument Christie presented to the trial court was that section 51.604 controlled. Under our rules of appellate procedure, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefor, and obtain a ruling. Tex.R.App. P. 33.1. *See In re L.M.I. and J.A.I.,* 119 S.W.3d 707, 711 (Tex.2003). Accordingly, we find Christie's constitution-based appellate issues were not preserved in the trial court. Issue one is overruled in its entirety and issue three is overruled insofar as it advances constitutional authority for relief.

■ With regard to issue two and the remainder of issue three, the solution is to be found in *Universal Printing Co., Inc. v. Premier Victorian Homes, Inc.,* 73 S.W.3d 283 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). In *Universal Printing,* although the request for a jury was made timely, the fee was paid less than thirty days before trial, but over ten days before trial. *Id.* at 289. Over timely objection, the trial court ruled that trial would proceed without a jury. *Id.* at 291. On appeal, the requesting party argued that the ten-day jury fee deadline under section 51.604 controlled rather than the thirty-day deadline under Rule 216. *Id.* at 291–92. They further argued that section 51.604 and Rule 216 conflict, and that a statute prevails over a rule.[2] *Id.* at 292.

---

1. Apparently, a scheduling order signed June 17, 2003, set the trial date for August 11, 2003. Christie does not contend she was provided with less than thirty days' notice of the trial date.

2. The two provisions read as follows:
    **Rule 216. Request and Fee for Jury Trial**
    **a. Request.** No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court

Based upon a plain reading of the statute and rule, the Houston Court found that Rule 216 requires a $10 jury fee be paid "not less than thirty days in advance" before "the date set for trial," while section 51.604 addresses additional "revenue-enhancing" or "administrative-type" fees. *Id.* It noted that the added fees addressed in section 51.604 are required to be paid "not later than the 10th day before the jury trial is scheduled to begin[,]" and that subsection (c) of section 51.604 specifically states that the $30 jury fee "includes the [$10] jury fee required by Rule 216, . . ." *Id.* This would indicate, as the Court further noted, that section 51.604 is meant to increase revenue to the clerk's office, not supplant the thirty-day deadline imposed by Rule 216. *Id.*

Further support for reading the two provisions in harmony, as the Court set out, is that the $30 fee provision of section 51.604, subsection (a), is separate from the ten-day deadline provision in subsection (b); and that subsection (c) "harmonizes" the statutory fee and the Rule 216 fee by prohibiting the clerk from charging a $30 section 51.604 fee and a $10 Rule 216 fee. *Id.* Applying the harmonized statutory provisions to the facts presented to it, the Houston Court concluded that, for the requesting party to have been entitled to a jury trial, it was required to pay at least $10 as the jury fee no later than thirty days before trial was to begin (pursuant to Rule 216), and the remaining $20 jury fee no later than ten days before the trial was scheduled to begin (pursuant to section 51.604). *Id.*

In the instant case, Christie's infirmity with regard to ensuring a jury trial was the failure to make a timely written request not less than thirty days before trial commenced. Her written request was filed twenty-seven days before trial and was, therefore, untimely. As Christie failed to comply with Rule 216, nothing in section 51.604 applied to her circumstances. We agree with the Court's interpretation of both statute and rule in *Universal Printing.* Section 51.604 currently sets the full amount a party must pay when applying for a jury trial, and sets a deadline for when full payment must be made. Rule 216 requires a formal, written request for a jury be filed with the district clerk and imposes a deadline for filing such a request not less than thirty days prior to trial. Rule 216 also requires that a $10 fee accompany the written request. Absent a timely-filed written request, however, the payment or nonpayment of the jury fee would likely become a non-issue.

■ We review a trial court's denial of a jury demand for an abuse of discretion. *Mercedes–Benz Credit Corp. v. Rhyne,* 925 S.W.2d 664, 666 (Tex.1996). This standard of review requires the ap-

a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance. **b. Jury Fee.** Unless otherwise provided by law, a fee of ten dollars if in the district court and five dollars if in the county court must be deposited with the clerk of the court within the time for making a written request for a jury trial. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet.

**§ 51.604. Jury Fee**
(a) The district clerk shall collect a $30 jury fee for each civil case in which a person applies for a jury trial. The clerk of a county court or statutory county court shall collect a $22 jury fee for each civil case in which a person applies for a jury trial. The clerk shall note the payment of the fee on the court's docket.

(b) The fee required by this section must be paid by the person applying for a jury trial not later than the 10th day before the jury trial is scheduled to begin.

(c) The fee required by this section includes the jury fee required by Rule 216, Texas Rules of Civil Procedure, and any other jury fee allowed by law or rule.

pellate court to examine the entire record. *Id.* A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or without reference to any guiding rules and principles. *Id.* Based upon our analysis as set out above, and the fact that we have only a partial record to review, we are unable to find an abuse of discretion by the trial court in proceeding to trial without a jury. Issues one, two, and the remainder of issue three are overruled. The trial court's order is affirmed.

AFFIRMED.