Affirmed and Opinion filed January 6, 2005









Affirmed
and Opinion filed January 6, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00016-CV

____________

 

NANCY S. MASON, Appellant

 

V.

 

OUR LADY STAR OF
THE SEA CATHOLIC CHURCH, DIOCESE OF GALVESTON-HOUSTON (ROMAN CATHOLIC CHURCH),
AND GREATER MT. MORIAH BAPTIST CHURCH, Appellees

 



 

On Appeal from the 125th
District Court

Harris County, Texas

Trial Court Cause No. 02-31761

 



 

O P I N I O N








Nancy S. Mason appeals from a jury verdict
in favor of appellees, Our Lady Star of the Sea Catholic Church and the Diocese
of Galveston-Houston (Roman Catholic Church) (collectively, “Catholic Church”),
and the Greater Mt. Moriah Baptist Church (“Baptist Church”).  In four issues, Mason complains of charge
error and the trial court’s denial of her motion for new trial.  Because Mason failed to bring forward a
complete reporter’s record and did not comply with the requirements of Texas
Rule of Appellate Procedure 36.4(c), we affirm.

Factual and Procedural Background

Mason owns property adjacent to property
owned by the Catholic Church and the Baptist Church.  When Tropical Storm Allison inundated Houston
with rain in June 2001, Mason’s property flooded.  She brought suit against the churches,
alleging that improvements to their property caused her property to flood.  

At the end of a week-long trial, the court
submitted the charge to the jury. 
Question One asked whether Tropical Storm Allison was an event of
unprecedented rainfall that constituted an act of God, to which the jury
answered, “No.”  Question Two asked
whether the Catholic Church or the Baptist Church diverted or impounded the
natural flow of surface waters in a manner that was a cause in fact of the
damage to Mason’s property by the overflow of the water diverted or impounded,
to which the jury also answered, “No.”[1]  The remaining jury charge questions,
including questions on trespass, nuisance and damages, were predicated upon
affirmative answers to Question Two, and therefore the jury did not answer
them.  On October 14, 2003, the trial
court entered a take-nothing judgment in favor of the churches. 

Mason filed a motion for new trial based
on objections to the jury charge and to closing argument.  The trial court denied the motion for new
trial.  This appeal followed.

Mason’s Noncompliance with Texas Rule of
Appellate Procedure 36.4(c)








On January 6, 2004, Mason filed her notice
of appeal.  Two weeks later, she filed her
designation of the clerk’s record.  In
it, she requested the pleadings of the parties, the charge, the judgment, and
post-trial motions.  In the same letter,
she also requested the inclusion of excerpts of the reporter’s record
containing the jury argument made by the Catholic Church and the Baptist
Church, and Mason’s objections at the charge conference.  Mason did not request any of the testimony or
evidence received at the trial.  Mason’s
designation letter contained no statement or indication that she was filing a
limited appeal under Texas Rule of Appellate Procedure 34.6(c), nor did it
contain a statement of the issues to be presented on appeal as required by Rule
34.6(c)(1).  See Tex. R. App. P. 34.6(c)(1) (“If the
appellant requests a partial reporter’s record, the appellant must include in
the request a statement of the points or issues to be presented on appeal and
will then be limited to those points or issues.”).

The clerk’s record was filed in this court
in February 2004, and the partial reporter’s record Mason requested was filed
approximately three weeks later.  Mason
then submitted her appellate brief in April, and the churches filed responsive
briefs in May.  In their briefs, both the
Catholic Church and the Baptist Church argued as their main responsive point
that the trial court’s judgment must be affirmed because Mason did not bring
forward a complete reporter’s record and did not limit her appellate issues as
provided in Rule 34.6(c).  








Four months after the briefing was filed,
and shortly before submission, Mason filed in this court a “Motion for Leave to
Supplement Court Reporter’s Record.”  In
the motion, Mason acknowledged she did not include a statement of points or
issues in her designation of the record as required under Rule 34.6(c)(1), but
stated that she was requesting the court reporter to prepare a supplemental
record containing (1) all final jury arguments (rather than just the
defendants’ jury arguments previously filed), and (2) Mason’s written request
for the supplemental record.  The written
request, dated September 23, 2004, purported to include a statement of points
or issues in compliance with Rule 34.6(c)(1).[2]  Mason requested we grant leave for her to
file the supplemental record she requested. 
In a combined response, the churches objected, arguing that Mason was
not seeking to supplement the record, but really was seeking to create a new
document—the September 23, 2004 letter to the court reporter—in an untimely
attempt to comply with Rule 36.4(c).  The
churches pointed out that Mason’s request came four months after they filed
their briefs, and less than a month before the case was set for oral
argument.  We denied Mason’s motion, but
did permit the supplemental reporter’s record containing the additional jury
argument to be filed.  See Tex. R. App. P. 34.6(b)(3).  So, the letter Mason sought to have included
in the record—in her belated attempt to comply with Rule 36.4(c)(1)—is not
filed as a part of the record in this case.

Generally, on an appeal with only a
partial reporter’s record, the court of appeals must presume the omitted
portions of the record are relevant and support the trial court’s
judgment.  Christiansen v. Prezelski,
782 S.W.2d 842, 843 (Tex. 1990).  Rule of
Appellate Procedure 34.6(c) provides an exception to the general
presumption.  Under that rule, an appellant
may present an appeal on a partial reporter’s record and not be subject to the
general presumption if she includes in her request for the reporter’s record a
statement of the points or issues to be presented on appeal.  Tex.
R. App. P. 34.6(c)(1).  This
statement limiting the points or issues to be presented on appeal puts the
other parties on notice that the appellate court will presume the designated
portions of the record constitute the entire record for reviewing the stated
points or issues, and it allows the other parties the opportunity to request
any additional portions of the record they believe are relevant to the issues
or points.  Id. 34.6(c)(2),
(4).  








The Texas Supreme Court has held the
statement of the issues on appeal need not be included in the request for the
reporter’s record as long as the statement is made in time for the other
parties to designate any additional relevant portions of the record and to
prepare their appellate briefs.  See
Bennett v. Cochran, 96 S.W.3d 227, 228–30 (Tex. 2002) (per curiam).  However, the Bennett court warned that
“litigants should not view our relaxation of rules in a particular case as
endorsing noncompliance.  While we seek
to resolve appeals on their merits, litigants who ignore our rules do so at the
risk of forfeiting appellate relief.”  Id.
at 230.  The court observed that if the
appellant had completely failed to file its notice of issues instead of filing
it late and separate from the request for the reporter’s record, then “[t]here
is no question that . . . Rule 34.6 would require the appellate court to affirm
the trial court’s judgment.”  Id.
at 229.

We acknowledge the Texas Supreme Court’s
instruction to take a more flexible approach when “the appellee has not
established any prejudice from a slight relaxation of the rule.”  Id. at 229.  The facts of Bennett, however, are
clearly distinguishable from those here. 
In Bennett, the appellant filed his statement of the issues
approximately two months late, but the appellee still had more than two months
after receiving notice of the statement to file his brief.  Id. 
And, the appellee did not contend that the delay prevented him from
identifying the relevant issues or supplementing the reporter’s record.  Id. 

In contrast, Mason did not seek leave to
file her statement of the issues until almost nine months after it was
due.  See Tex. R. App. P. 34.6(b)(1), (c)(1).  Her request came four months after the
appellees’ briefing had been completed and shortly before the case was set for
oral argument.  We cannot condone such an
egregious flouting of the rules of appellate procedure.  Permitting Mason to file her statement of
issues at this late date would effect more than the “slight relaxation of the
rule” the Supreme Court described Bennett as being—it would render it
meaningless.  Thus, the objectives of the
rule would not be served.  See Bennett,
96 S.W.3d at 230.

Because we have denied Mason’s request to
include her purported statement of issues in the record, her appeal will
proceed without the benefit of such a statement.  

Analysis of Mason’s Issues

We now turn to the substance of Mason’s
issues.  As an appeal with only a partial
reporter’s record, we must presume the omitted portions of the record are
relevant and support the trial court’s judgment.  Christiansen, 782 S.W.2d at 843.  Therefore, we analyze Mason’s issues against
this presumption. 








1.       Jury
Charge Issues

In three issues, Mason contends that the
trial court erred in the following ways: (1) by conditioning Jury Questions
Three and Four on a “Yes” response to Question Two, preventing Mason from
obtaining findings on her separate trespass and nuisance theories; (2) by
submitting “Act of God” as a jury issue when it is an inferential rebuttal
matter; and (3) by conditioning Question Two and the remaining questions on the
jury’s response to Question One, because it was an impermissible comment on the
weight of the evidence.  We consider
these together.

To justify reversal of the trial court’s
decision, Mason must establish that an error probably caused the rendition of
an improper judgment.  Tex. R. App. P. 44.1(a)(1); Plainsman
Trading Co. v. Crews, 898 S.W.2d 786, 790 (Tex. 1995).  To determine whether an alleged error in the
jury charge is reversible, we must consider the pleadings of the parties, the
evidence presented at trial, and the charge in its entirety.  Island Recreational Dev. Corp. v. Republic
of Tex. Sav. Ass’n, 710 S.W.2d 551, 555 (Tex. 1986). 

In her argument, Mason contends that if
Questions Three and Four were not conditioned on the jury’s responses to
Questions One and Two, it is likely the jury could have decided these issues in
her favor.  Mason also contends that
presenting Question One on “Act of God” as the primary matter to be decided
before her theories of liability were addressed controlled the entire case.  As a result, Mason complains, the trial court
exaggerated the “Act of God” defense and minimized her evidence, and shifted
the focus to the evidence relating to Tropical Storm Allison rather than her
evidence of the ongoing impact of the churches’ improvements to their property.









At oral argument, Mason’s counsel also
argued that Question One, the “Act of God” question, should not have been
submitted; instead, the court should have submitted issues on nuisance and
trespass.  He pointed out that at least
one opposing counsel agreed the question should not have been submitted.  Counsel claims this mistake was fundamental
error apparent in the record simply by looking at the pleadings and the charge;
thus, according to counsel, no record is needed to confirm that reversible
error occurred.  In addition, counsel
claimed that because the “Act of God” question was submitted, he wasted
valuable time at closing argument discussing it and explaining why the jury
should answer “no” to it.  

Fundamental error is rarely used in Texas,
and, according to a recent Texas Supreme Court case, is a “discredited
doctrine.”  See In re B.L.D., 113
S.W.3d 340, 350 (Tex. 2003). 
Historically, courts have reserved their use of the doctrine for very
narrow situations.  Id.  Three appear to exist: (1) when the record
shows on its face that the court lacked jurisdiction; (2) when certain types of
error exist in juvenile delinquency cases; and (3) when a public, as opposed to
private, interest is directly and adversely affected as that interest is
declared in the statutes or Constitution of Texas.  Id.; In re J.F.C., 96 S.W.3d
256, 291–293 (Tex. 2002) (Hankinson, J., dissenting);[3]
Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex. 1982) (per curiam). 

Counsel cannot rely on fundamental error
in this case for two reasons.  First,
this case does not fall within any of the three situations in which Texas
courts have applied the doctrine. 
Counsel has not alleged jurisdictional error, this is not a juvenile
delinquency case, and only a private interest is at stake here—an issue of
interest to the public generally is not at stake. 

Second, courts apply the doctrine when a
litigant fails to preserve error, not when the litigant fails to bring a record
forward on appeal.  The only type of
fundamental error that might on occasion be raised without the benefit of a
reporter’s record is a jurisdictional defect apparent on the face of the record.  But this appeal does not involve a
jurisdictional defect.  None of the
parties, including Mason, allege that the trial court was without authority to
hear the case.  








Furthermore, even when a litigant alleges
fundamental error, an appellate court must have a record.  Without a record, an appellate court is
hobbled; it cannot perform its review of the record to assess for itself if
error occurred and, if so, to assess whether the error was harmless or
reversible.  For example, without a
record, it is impossible for us to determine how much time counsel spent
discussing Question One.

Thus, we decline to extend the fundamental
error doctrine to this case.  It clearly
does not apply.  We also refuse to
abandon our responsibility to look to the record for error so that we can
independently and objectively assess both the error and its harm. 

In short, to evaluate Mason’s claims, we
must review the trial record.  Because
Mason did not request the preparation of any part of the trial record, we are
unable to address Mason’s claims that she likely would have prevailed but for
the harm caused by the alleged charge errors. 
See Hiroms v. Scheffey, 76 S.W.3d 486, 489 (Tex. App.—Houston
[14th Dist.] 2002, no pet.) (holding that appellant’s failure to have trial
proceedings transcribed precluded appellate review of whether trial court gave
jury improper instruction).  Moreover,
because Mason did not timely file her statement of issues, we must presume the
omitted portions of the record are relevant and support the trial court’s
judgment.  Christiansen, 782
S.W.2d at 843; see also Coleman v. Carpentier, 132 S.W.3d 108, 110–11
(Tex. App.—Beaumont 2004, no pet.) (per curiam) (holding that in absence of
reporter’s record or compliance with Rule 34.6(c), appellate court would
presume evidence adduced at trial supported trial court’s judgment). 

We overrule Masons first three issues
concerning jury charge error.

2.       Improper
Jury Argument

In her fourth issue, Mason contends that
the trial court erred in denying her motion for new trial when counsel for the
Catholic Church, in his final argument, informed the jury of the results of
their answer to Question One, which violated her motion in limine.  

 








At the end of his closing argument, the Catholic
Church’s counsel stated:

Let me go back to
Question No. 1.  This is the last thing I
want to say in this case.  This case has
been going on too long.  We’ve all been
here all last week and the first part of this week and it’s just too long.  Please, answer Question No. 1 yes and it’s
all over.  Thank you. 

Mason objected to this argument as improper and moved
for a mistrial, which the court denied.  

On appeal, Mason contends this improper
argument violated her motion in limine because it informed the jury of the
effect of its answers, it added to the burden already imposed on her by the
jury charge’s improper comment on the weight of the evidence, and it required
counsel to spend additional time rebutting the improper argument.  Therefore, she contends, the trial court
erred in denying her motion for mistrial.

Again, however, because we do not have a
complete reporter’s record, we are unable to review the evidence to determine
if the verdict was based on the evidence or on the improper argument.  See Wooten v. S. Pac. Transp. Co., 928
S.W.2d 76, 80 (Tex. App.—Houston [14th Dist.] 1995, no pet.) (holding that lack
of complete record precluded appellate review of alleged incurable jury
argument).  And, because we must presume
that the omitted portions of the record are relevant and would support the
judgment, we overrule Mason’s fourth issue. 

Conclusion

We affirm the trial court’s judgment.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Opinion filed January 6, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.











[1]  Question Two
was conditioned on a negative answer to Question One.





[2]  In her request
for a supplemental record, Mason stated, “This request for the above parts of
the Reporter’s Record in the above case are made pursuant to Rule 34.6(c)(1)
T.R.A.P., as the points of error on appeal deal with the alleged erroneous
charge submitted to the Court and harmful error which occurred during jury
argument.”  Even if this statement
was timely filed, we find that it does not satisfy the requirements of Rule
34.6(c)(1) because it does not identify the portions of the charge or the jury
argument Mason intended to appeal, leaving appellees to guess what additional
evidence they should include in the reporter’s record.  See Gardner v. Baker & Botts, L.L.P.,
6 S.W.3d 295, 297 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (holding
that statement of issues requires appellant to “designate with reasonable
particularity the complaints to be pursued on appeal”). 





[3]  In B.L.D.,
Justice Wainwright describes the limited application of the fundamental-error
doctrine to “certain juvenile delinquency cases,” see 113 S.W.3d at 350–51,
while Justice Hankinson, in her dissent in J.F.C., describes the
applicability of the fundamental-error doctrine more broadly, to cases
involving “the state’s interest in the rights and welfare of minors.”  See 96 S.W.3d at 292 (Hankinson, J.,
dissenting).