Gray v. Noteboom

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-358-CV

JAY K. GRAY AND      APPELLANTS

JAY K. GRAY, P.C. 

V.

CHARLES M. NOTEBOOM AND APPELLEES

CHARLES M. NOTEBOOM, P.C.

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

After a partner withdrew from a two-member law firm, a dispute arose over distribution of the firm’s assets.  The dispute consisted primarily of fees earned and to be earned from personal injury cases taken by the withdrawing partner.  In accordance with the partnership agreement, appellee filed suit for arbitration.  The court ordered the dispute to be submitted to an arbitration panel, which made a written award.  The withdrawing partner, appellant herein, dissatisfied with the award, requested the panel to submit findings of fact and conclusions of law; such request was denied.  Appellant then filed a motion to compel such finding and conclusions; his motion was denied.  Judgment was rendered on the award, and this appeal followed.

Judgment affirmed.

Appellant presents four issues on appeal: 1) the trial court erred by adopting the arbitration award because the arbitrators exceeded their powers by awarding attorneys’ fees from clients’ cases that did not agree to arbitration and were not a part of the arbitration; 2) the trial court erred by enforcing an illegal provision of the partnership agreement; 3) the trial court erred by adopting the award because the arbitrators exceeded their authority by entering an award that affects the rights of third parties not subject to the arbitration; and 4) the trial court erred by enforcing the award because the arbitrators refused to submit findings of fact and conclusions of law.

We address issues one and three jointly because we find that they essentially allege the same error.

The award of the arbitration panel listed in detail the particular cases that were involved in the arbitration.  The award specified a percentage of the fees to be received and certain amounts that we perceive to be expenses advanced to appellee.  Nowhere in the award are any of the rights of the clients affected.  Whatever rights the clients have with the law firm remain intact and binding; the dispute between the two former partners is not involved in their representation by one of the former partners.  If a fee is received, it will be divided and expenses accounted for in accordance with the detailed arbitration award.

Appellant has furnished no authority for the support of issues one and three, and we cannot find such support.  The arbitration award does not affect the clients’ rights.  Issues one and three are overruled.

Issue two contends the court erred by enforcing an illegal provision of the partnership agreement.

Appellant cites Rules 5.06 and 1.04 of the Texas Disciplinary Rules of Professional Conduct in support of this contention.  Rule 5.06 provides that

[a] lawyer shall not participate in offering or making:

(a) a partnership or employment agreement that restricts the rights of a lawyer to practice after termination of the relationship.

Appellant also cites opinion 459 of the Texas Professional Ethics Committee, which states it is not proper for a law firm to have an employment agreement or partnership agreement which provides that upon leaving the firm, the associate or the partner would be required to pay to his former law firm a percentage of fees thereafter from clients brought from his former law firm.

Appellant contends this rule and opinion were violated in the partnership agreement and their enforcement by the award of the arbitration panel.  If the rule and opinion were breached, then does such breach make the provision illegal?  We quote from 
Polland & Cook v. Lehmann
, 832 S.W.2d 729 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

Section 15 of the preamble to the Tex. Disciplinary Rules of Prof. Conduct discourages the use of the Disciplinary Rules as procedural weapons in other proceedings.  It states: These rules do not undertake to define standards of civil liability of lawyers for professional conduct.  Violation of a rule does not give rise to a private cause of action nor does it create any presumption that a legal duty to a client has been breached.  Likewise, these rules are not designed to be standards for procedural decisions.  Furthermore, the purpose of these rules can be abused when they are invoked by opposing parties as procedural weapons. . . . Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

Id.
 at 736 n.3.  In the instant case, there appears to be no question about the fact that the partnership agreement is contrary to the Ethics Committee opinion.  We look to the award of the arbitration panel; there is no question that a portion of the fees to be received by appellant were to be paid to appellee, along with specific amounts which we presume were expenses of litigation paid by the partnership.  Certain other payments were ordered by the panel which we presume were portions from resolved cases handled by appellant after termination.

There is no question about the fact that for both plaintiffs and defendants the cost of preparing litigation is not only the efforts by the lawyer handling the case but also the efforts of the firm’s legal staff or outside counsel, investigative staff, clerical staff, and the time and expense of expert witnesses in some cases.  The ethics opinion fails to take into account these items.  It appears the ethics opinion, in an effort to be fair to the withdrawing attorney, is not mindful of the rights of the firm or attorney remaining.

We hold that a violation of opinion 459 of the Texas Professional Ethics Committee, under the circumstances of this case, is not contrary to public policy and should not be used as a procedural weapon.  Appellant’s third issue is overruled.

In his fourth issue, appellant states that the court erred by enforcing the award because the arbitrators refused to submit findings of fact and conclusions of law.

After the arbitrators made the award, appellant requested the panel to file findings of fact and conclusions of law.  This request was denied.  A motion was then filed in the trial court to compel findings and conclusions; the motion was denied.

The Texas Legislature has undertaken to enact into statutory law the procedures relative to arbitration.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 171.001—173.004 (Vernon Supp. 2004-05).  Section 171.053 of such code provides that “the arbitration award must be in writing and signed by each arbitrator joining in the award.”  
Id.
 § 171.053(a).

There is no question that the requirements of the statute were satisfied in this case.  The legislature, had it desired, could have very easily added a provision that the award specify the grounds or reasons for its provisions.  Obviously, the legislature found it unnecessary to do so.  The question then is, does this court have the right to add to the arbitration procedures something the legislature failed to include?  This court has the duty to interpret and follow the statutory law; it does not have the power to legislate.  The statute is clear: the only requirement is that the award be in writing.  The requirement of the statute was complied with.

To require the panel to submit findings of fact and conclusions of law is in direct opposition of the arbitration procedures.  Arbitration is the vehicle the parties have agreed upon to avoid the time and expense involved in a judicial determination of the dispute.  The parties have agreed upon an arbitrator or have agreed on a method for the selection of an arbitrator.  They have agreed to be bound by the award of the arbitrator.  Requiring the arbitrator to submit findings of fact and conclusions of law to placate the disappointed party has the effect of throwing the controversy back into the judicial system.  Upon receipt of the findings and conclusions, we could reasonably anticipate the filing of a suit by the disappointed party seeking the setting aside of the award due to no evidence or insufficient evidence and complaining the findings are contrary to the greater weight and degree of the credible evidence.  Again, requiring findings and conclusions adds another tier in the judicial determination of disputes and diminishes the benefits of nonjudicial determination.

Appellee directs our attention to the fact that there was no record made of the arbitration procedures, and therefore it is impossible to evaluate findings and conclusions even if they were filed.  It is true there was no record made of the arbitration.  The arbitration award states that the making of a record was waived.  There has been no question raised about the waiver of a record.  Appellant has the duty to bring forth a complete record that establishes his basis for relief.  
Anzilotti v. Gene D. Liggin, Inc.
, 899 S.W.2d 264, 267 (Tex. App.—Houston [14th Dist.] 1995, no writ).

We continue to examine appellant’s claim that findings of fact and conclusions of law were not submitted.  We examine the arbitration award consisting of six pages in which several cases were dealt with in detail, bank accounts were distributed, a judgment was rendered in favor of appellant, and appellee was ordered to pay the balance on a judgment rendered against appellant.  The arbitration panel carefully considered all items in controversy between the parties and in detail ruled on the same.  It appears that findings of fact and conclusions of law are implicit in the award even though they are not identified as such.

Arbitrators are not required to state the reason for their award or to make  any findings of fact.  
Brown v. Lanier Worldwide, Inc.
, 124 S.W.3d 883, 901 n.32 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Appellant’s fourth issue is overruled.

Judgment affirmed.

CLYDE R. ASHWORTH

JUSTICE

PANEL C: WILLIAM J. CORNELIUS, JOHN T. BOYD, and CLYDE R. ASHWORTH, JJ. (All Retired, Sitting by Assignment).

DELIVERED: February 24, 2005