



## MEMORANDUM OPINION

No. 04-10-00378-CV

R.D. **HARRIS**,
Appellant

v.

Bill Devin **HOOPER**, Maria Teresa Hooper, Hooperville, Inc.,
Alton Haley, and Iralee Haley,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-13019
Honorable Gloria Saldana, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  March 2, 2011

AFFIRMED

A jury found in favor of appellees Bill Devin Hooper, Maria Teresa Hooper, Hooperville, Inc., Alton Haley, and Iralee Haley on numerous claims relating to certain real estate transactions.  Based on the jury's verdict, the trial court entered judgment in favor of Hooper. On appeal, appellant R.D. Harris raises three issues essentially contending the jury's findings are in conflict and contrary to the evidence.  We affirm the trial court's judgment.

## BACKGROUND

A detailed rendition of the underlying facts is unnecessary to our disposition of the appeal.  Therefore, we provide only a brief outline of the facts for context.

The Hoopers sought to sell several rental properties.  The Hoopers initially believed they were selling the properties to the Haleys, who were seemingly represented by Harris as a real estate broker.  The Hoopers and Haleys claimed Harris was, in fact, the true buyer, and he had fraudulently persuaded the Haleys to act as "straw buyers."  According to the Haleys, Harris told them that if they allowed him to use their credit to purchase the Hooper properties, he would pay the down payment and make mortgage payments in their name.  The Haleys claimed Harris did neither.

At closing, Harris "flipped" the property to himself, thereby procuring title to the properties, but leaving the Haleys holding the mortgages.  The Haleys asserted they spent years attempting to repair the damage to their credit based on Harris's conduct.  The Hoopers claimed they were charged closing costs, but never received any mortgage payments.

The Hoopers and the Haleys brought suit against Harris alleging claims for breach of fiduciary duty, fraud, fraud in the inducement, negligent misrepresentation, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Occupations Code applicable to real estate agents and brokers, breach of the duty of good faith and fair dealing, breach of contract, and conspiracy.  After a jury entered findings in their favor, the trial court rendered final judgment, awarding the Hoopers and the Haleys monetary damages, attorneys' fees, and interest.  Harris then perfected this appeal.

**ANALYSIS**

Harris raises three issues on appeal in which he complains the jury's findings are in conflict and contrary to the evidence presented at trial. In response, the Hoopers and the Haleys first assert Harris has waived any error as to his "conflict" assertion by failing to object to any alleged conflict or inconsistency in the jury's answers. They further contend Harris's claim that the jury's findings are contrary to the evidence is without merit because he failed to comply with the appellate rule applicable to requests for partial records.

We begin by noting that Harris has not provided a single record citation in his brief. Rule 38.1(i) of the Texas Rules of Appellate Procedure requires a brief to contain "clear and concise argument for the contentions made, with appropriate citations to authorities *and to the record*." TEX. R. APP. P. 38.1(i) (emphasis added). We are to construe the appellate rules liberally, but neither this court nor any other is under a duty to make an independent search of the record to determine whether an assertion of error is valid. *See Ashley Furniture Indus. Inc. ex rel. RBLS Inc. v. Law Office of David Pierce*, 311 S.W.3d 595, 597 (Tex. App.—El Paso 2010, no pet.); *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 237 (Tex. App.—Dallas 2000, pet. denied); *Wade v. Comm'n for Lawyer Discipline*, 961 S.W.2d 366, 373 (Tex. App.—Houston [1st Dist.] 1997, no writ). This court has discretion to find error is waived based on inadequate briefing, and it is not necessary to afford an appellant an opportunity to rebrief. *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *King v. Graham Holding Co., Inc.*, 762 S.W.2d 296, 298-99 (Tex. App.—Houston [14th Dist.] 1988, no writ). Adequate briefing includes proper citation to the record, and this court and others have held error waived based on a failure to provide citations to the record. *See, e.g., Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at *3 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.);

*Ashley Furniture Indus.*, 311 S.W.3d at 597; *In re M.J.G.*, 248 S.W.3d 753, 760 (Tex. App.—Fort Worth 2008, no pet.); *Curtis v. Comm'n for Lawyer Discipline*, 20 S.W.3d 227, 236 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Harris's brief does not include a single citation to either the clerk's record or the reporter's record. Accordingly, he has waived his appellate issues for his failure to adequately brief them. However, in the interest of justice, we will review Harris's contentions.

Before we can review Harris's issues, we must first discuss the state of the appellate record–specifically, the reporter's record. Rather than requesting the court reporter to prepare and file the entire reporter's record, Harris requested only that the court reporter prepare certain portions of the record. In other words, Harris requested a partial reporter's record. *See* TEX. R. APP. P. 34.6(c).

Historically, the burden was on the appellant to see that a sufficient record was presented to show reversible error. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). In accord with this burden, appellate courts applied the common law presumption that whatever was omitted from the record was relevant to and supported the judgment. *W & F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 37 (Tex. App.—Houston [14th Dist.] 2006, no pet.). As this court explained, "[i]t is the appellant who has the burden of bringing forward a statement of facts. Unless the record shows to the contrary, every reasonable presumption must be indulged in favor of the findings and judgment of the trial court." *Wright v. Wright*, 699 S.W.2d 620, 622 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.).

Rule 34.6(c) was implemented to avoid the common law presumption. *See Christiansen*, 782 S.W.2d at 843. The rule sets forth the procedures that apply when the appellant requests some, but not all, portions of the reporter's record. *See* TEX. R. APP. P. 34.6(c).

When an appellant requests a partial reporter's record, he must include in the request the points or issues to be presented on appeal. *Id*. R. 34.6(c)(1). Such an appellant is thereafter limited to raising those issues on appeal. *Id*. This portion of the rule was promulgated to protect an appellee from having to defend an appeal without parts of the record that support its defense. *Wilhelm*, 208 S.W.3d at 38. Requiring the appellant to give notice of the issues to be appealed allows the appellee the opportunity to designate additional portions of the record that might be necessary for a proper review of the appeal. *Id*. Without the statement of points or issues, an appellee would be left to guess which additional portions of the evidence should be included in the reporter's record. *Id*. (quoting *Gardner v. Baker & Botts, L.L.P.*, 6 S.W.3d 295, 297 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)).

When a partial reporter's record is properly requested, i.e., the appellant requests a partial reporter's record and prepares a statement of the points or issues to be raised on appeal, the appellate court must presume the designated record constitutes the entire record for purposes of reviewing the stated issues. TEX. R. APP. P. 34.6(c)(4). Although strict compliance with rule 34.6(c) is unnecessary, the appellant is still required to include a statement of points or issues to be relied upon to activate the presumption that the omitted portions of the record are irrelevant. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2003) (holding appellant complied with rule 34.6(c) even though his statement of issues was filed almost two months late because nothing in record established this impaired appellee's "appellate posture," but noting a complete failure by appellant to submit issues or points would require appellate court to affirm judgment in favor of appellee); *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (rejecting interpretation of predecessor rule that would require appellant to actually file statement of issues or points "in" request for reporter's record). If a party utterly fails to comply with the requirements of rule

34.6(c)(1) by completely failing to file a statement of issues or points to be relied upon, the contrary presumption arises, and the appellate court must presume the omitted portions of the record support the judgment rendered by the trial court. *Bennett*, 96 S.W.3d at 229; *CMM Grain Co., Inc. v. Ozgunduz*, 991 S.W.2d 437, 439-40 (Tex. App.—Fort Worth 1999, no pet.). Failure to comply with the requirements of rule 34.6 and the resulting application of the common law presumption ordinarily has the effect of destroying an appellant's appeal. *Wilhem*, 208 S.W.3d at 38.

Appellate courts, including this one, routinely apply the common law presumption when an appellant has requested and caused to be filed a partial reporter's record, but has failed to give the appellee notice of the points or issues to be raised on appeal. *See*, *e.g.*, *In re J.S.P.*, 278 S.W.3d 414, 418 (Tex. App.—San Antonio 2008, no pet.); *Wilhelm*, 208 S.W.3d at 38; *Coleman v. Carpentier*, 132 S.W.3d 108, 110-11 (Tex. App.—Beaumont 2004, no pet.); *CMM Grain Co.*, 991 S.W.2d at 439; *Jaramillo v. Atchison, Topeka & Santa Fe Ry. Co.*, 986 S.W.2d 701, 702 (Tex. App.—Eastland 1998, no pet.). To do otherwise would unfairly allow the appellant to create a record containing only those portions of the reporter's record that support his arguments. *Wilhem*, 208 S.W.3d at 38.

In this case, Harris never filed a statement of the points or issues which he intended to present on appeal. He, therefore, failed to comply with the mandates of rule 34.6(c). Accordingly, he is not entitled to the rule's presumption, and we will presume the omitted portions of the record are relevant and support the trial court's judgment.

### *Conflicted Jury Findings*

Harris first contends certain jury findings are in conflict. More specifically, he argues the jury's damage findings are in conflict because although based on the same evidence, the jury

awarded "substantially different amounts for elements of damages that were identical." Even if Harris had not waived this contention due to inadequate briefing, we hold he has certainly waived it by failing to lodge an objection in the trial court to the alleged conflict.

Rule 295 of the Texas Rules of Civil Procedure provides that if a purported jury verdict is defective–jury answers are incomplete, non-responsive, or in conflict–the trial court must instruct the jury of the nature of the problem, give the jury additional instructions as necessary, and allow the jury to further deliberate. TEX. R. CIV. P. 295. However, Harris lodged no objection to the alleged conflicts he asserts in this court; rather, he raises the issue for the first time in this court. Rule 33.1(a) of the Texas Rules of Appellate Procedure requires a party to present to the trial court a "timely request, objection, or motion" to preserve error. TEX. R. APP. P. 33.1(a). To preserve error to conflicting jury findings, an objection must be made before the jury is discharged. *E.g., Lundy v. Masson*, 260 S.W.3d 482, 495 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *City of San Antonio v. Esparza*, No. 04-04-00631-CV, 2005 WL 3477826, at *2 (Tex. App.—San Antonio Dec. 21, 2005, no pet.) (mem. op.); *Columbia Med. Ctr. of Las Colinas v. Bush ex rel. Bush*, 122 S.W.3d 835, 861 (Tex. App.—Fort Worth 2003, pet. denied); *Norwest Mortg., Inc. v. Salinas*, 999 S.W.2d 846, 865 (Tex. App.—Corpus Christi 1999, pet. denied).

We have reviewed the entire record before this court and can find no place in which Harris objected to any alleged conflict in the jury findings prior to the jury's discharge. *See Christiansen*, 782 S.W.2d at 843 (holding burden is on appellant to see that sufficient record is presented to show error); *Gray v. Noteboom*, 159 S.W.3d 750, 753 (Tex. App.—Fort Worth 2005, pet. denied) (same). Accordingly, Harris has waived any complaint about conflicts in the jury findings by failing to raise the issue in the trial court before the jury was discharged. *See id.*

*Jury Findings Not Support By Evidence*

Harris also contends the jury's damage findings are not supported by the evidence. In other words, he contends the evidence is insufficient to support those findings. As we discussed above, because Harris chose to proceed on a partial reporter's record without providing the necessary statement of issues or points to be raised on appeal, we must presume the material missing from the reporter's record is relevant and supports the trial court's judgment. *See*, *e.g.*, *J.S.P.*, 278 S.W.3d at 418; *Wilhelm*, 208 S.W.3d at 38; *Coleman*, 132 S.W.3d at 110-11; *CMM Grain Co.*, 991 S.W.2d at 439; *Jaramillo*, 986 S.W.2d at 702. The portion of the record missing in this case is the actual trial in which evidence of damages was presented. Presuming, as we must, the missing record contains evidence supporting the jury's award of damages, we overrule this issue.

## CONCLUSION

Based on the foregoing, we overrule Harris's issues, and we therefore affirm the trial court's judgment.

Marialyn Barnard, Justice