**Robert L. CHRISTIANSEN, D.D.S., Petitioner,**

v.

**Gloria and Martin PREZELSKI, Respondents.**

**No. C–9246.**

Supreme Court of Texas.

Jan. 10, 1990.

Rehearing Overruled Feb. 14, 1990.

Thomas H. Crofts, Jr., R. Jo Reser, San Antonio, for petitioner.

Arnold A. Vickery, Elizabeth Kilbride, Houston, for respondents.

PER CURIAM.

The issue in this case is whether a court of appeals may properly find reversible error when it does not have a complete record of the case before it and the appellant has not complied with Tex.R.App.P. 53(d). We hold that it cannot. Accordingly, we grant the application for writ of error and, without hearing oral argument, we reverse the judgment of the court of appeals and render judgment for the Petitioner. *See* Tex.R.App.P. 133(b).

Robert L. Christiansen, D.D.S., performed oral surgery on Gloria Prezelski. She subsequently sued him for malpractice. Following a jury trial, judgment was rendered in Christiansen's favor. At trial, Prezelski called and examined Christiansen as an adverse witness. During his cross-examination of Christiansen, Christiansen's counsel advised the court that he would like to call his two expert witnesses, proceed with eliciting their testimony, and then complete his examination of Christiansen. The attorney explained that he had previously discussed this proposal with Prezelski, and that it was his understanding that he would be able to call his experts out of turn. This action was necessitated by a continuance sought and obtained by Prezelski; Christiansen's experts were from out of town and securing their attendance on another day would have been inconvenient.

Prezelski acceded to this request on the condition that the experts not be placed on the stand until after Christiansen's counsel had finished the cross-examination and she had been afforded an opportunity to redirect. The trial court rejected the condition proposed by Prezelski and allowed Christiansen's attorney to call the expert witnesses.

After the experts were excused, the cross-examination of Christiansen was completed by his attorney. Prezelski's counsel then elicited, on re-direct, that Christiansen had not taken a cephalometric x-ray; Christiansen had previously testified that he had taken such x-rays. Additionally, the expert witnesses previously called by Christiansen indicated by their testimony that they believed that he had taken cephalometric x-rays. Despite this revelation, Prezelski did not request that Christiansen's experts be recalled to the stand for impeachment purposes.

The court of appeals concluded that the trial court's refusal to allow Prezelski time to examine Dr. Christiansen before the experts were allowed to testify, and its failure to grant Prezelski's motion for new trial constituted harmful error. The court made this finding based upon an examination of a partial statement of facts. With one justice dissenting, the court of appeals reversed the judgment of the trial court and remanded the cause for a new trial. 775 S.W.2d 764.

■ Prezelski requested that only part of the record be sent to the court of appeals, but she failed to comply with Texas Rule of Appellate Procedure 53(d), which states:

> If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

Tex.R.App.P. 53(d). The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal. Tex.R.App.P. 50(d); *Escontriadas v. Apodaca*, 629 S.W.2d 697, 699 (Tex.1982). It is undisputed that a complete statement of facts was not brought up for review.

■ An appellant must either comply with rule 53(d) or file a complete statement of facts; otherwise, it will be presumed that the omitted portions are relevant to the disposition of the appeal. A reviewing court must examine the entire record in a case in order to determine whether an error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Gomez Leon v. State*, 426 S.W.2d 562, 565 (Tex.1968). When an appellant has neither complied with rule 53(d) nor filed a complete statement of facts, the reviewing court is unable to ascertain whether a particular ruling by the trial court is harmful in the context of the entire case.

■ Unaided by the presumption resulting from compliance with rule 53(d), and unable to review the entire record in the case, the court of appeals in the instant case could not properly determine that the trial court ruling in question was harmful

error. Accordingly, a majority of the court reverses the judgment of the court of appeals and renders judgment for Christiansen.