NO. 07-07-0136-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 10, 2007
_____

In the Interest of E.D.B., a child
_____

FROM THE 233rd DISTRICT COURT OF TARRANT COUNTY;

NO. 233-335729-02; HON. WILLIAM W. HARRIS, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

Stephanie Betts appeals from an order denying her motion for a new hearing or trial. The motion was filed after the trial court signed a document entitled "Default Order in Suit to Modify Parent-Child Relationship." In her request for new trial, Betts admitted being served with the petition seeking modification of the relationship. She further represented, in her motion, to taking no "action at that time because the documents did not include a hearing date or time in any form or fashion." Nevertheless, she was directed, via the citation she received, to file a written answer to the petition "at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service" of the petition. No answer was filed within that deadline or before the "Default Order" was signed by the

trial court on February 14, 2007. Now Betts contends that the trial court erred in denying her a new trial. We affirm the order.

Apparently two motions for new trial were actually filed. The first was received by the district clerk on February 16, 2007, and contained neither an accompanying affidavit or verification of the factual statements in it. The second motion was filed on March 13, 2007, or approximately six days after the trial court denied the first motion.

As for the first motion, the trial court's docket sheet disclosed that the court convened a hearing on the motion on March 7, 2007. No transcription of that proceeding appears of record, however. Nor does the record disclose that Betts requested one. Similarly missing is citation or reference by Betts to any evidence touching upon the elements necessary to secure a new trial and admitted at the March 7th hearing. *See Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (discussing the elements prerequisite to securing a new trial). And, our review of the record also failed to reveal that such evidence was even tendered at the proceeding. Given these circumstances, we have no basis to say that the trial court abused its discretion in denying that motion. *See Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex. 1990) (stating that when the appellant fails to supply the appellate court with a complete record of the evidence admitted at trial, the reviewing court may presume that the missing items support the trial court's decision).

As for the second motion, we note that it had to be filed with leave of court since it was not tendered before the prior motion was denied. *See* TEX. R. CIV. P. 329b(b) (so requiring). Nothing of record indicates that such leave was obtained. Nor does Betts

contend that the trial court somehow erred in not affording her the requisite leave. Accordingly, the record again fails to illustrate that the trial court abused its discretion in not granting a new trial. *See Liberty Mutual Fire Ins. Co. v. Ybarra,* 751 S.W.2d 615, 619 (Tex. App.–El Paso 1988, no writ) (finding no error in the denial of an amended motion for new trial filed several hours after the trial court had orally overruled the original motion for new trial).

The order of the trial court is affirmed.


Brian Quinn
Chief Justice