COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 EL PASO ACCENT HOMES, L.L.C.,
  
                                    
 Appellant,
  
 v.
  
 PREFERRED GROUP PROPERTIES,
 INC., JULIE SKORDAS,
 MICHAEL STROM, and
 KEVIN SANCHEZ,
  
                                    
 Appellees.
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
  
 §
  
 
 
  
  
  
                   No. 08-11-00061-CV
  
                          Appeal from
  
  County Court at Law No. 5
  
 of El Paso County,
 Texas
  
 (TC # 2008-2948)
 
 
 
 
  
 
 
  
 
 
  
 
 


                                                                  O
P I N I O N

 

El Paso Accent Homes L.L.C. appeals from a take-nothing judgment entered
in favor of Preferred Group Properties, Inc., Julie Skordas, and Michael Strom
(the PGP Defendants).[1]  Finding no reversible error, we affirm the
judgment of the trial court.  

FACTUAL SUMMARY

Accent Homes
contracted to buy land in El Paso and the PGP Defendants obtained contracts and
deposits from a group of California investors for the purchase of houses to be
built in the subdivision.  When the
developer encountered difficulties with resulting delay, the investors canceled
their contracts.  The investors sued
Accent Homes and the PGP Defendants for breach of contract alleging that the
houses were not built within a reasonable period of time.  Accent Homes asserted cross-claims against
the PGP Defendants for breach of fiduciary duty and negligence.  After the investors settled their claims with
Accent Homes and the PGP Defendants, their claims were dismissed with prejudice.  Accent Homes’ cross-claims against the PGP
Defendants were tried to a jury.  The
trial court submitted Accent Home’s claim for breach of fiduciary duty against
the PGP Defendants, but it refused to submit the proposed jury question on
negligence.  The jury found against
Accent Homes on its breach of fiduciary duty claim and the trial court entered
a take-nothing judgment on the verdict.  

JURY QUESTION ON NEGLIGENCE

            In its sole issue on appeal, Accent Homes argues that the
trial court erred by refusing to submit a negligence question to the jury.  Appellees respond, in part, that even
assuming the trial court erred by not submitting the jury question, any error
is not reversible because Accent Homes has not brought forward a complete
reporter’s record on appeal, and therefore, it cannot be determined that
failure to submit the negligence question probably caused the rendition of an
improper verdict.

Incomplete Reporter’s Record

A
judgment will not be reversed for charge error unless the error was harmful
because it probably caused the rendition of an improper verdict.  Transcontinental
Insurance Company v. Crump, 330 S.W.3d 211, 225 (Tex. 2010); Tex.R.App.P. 44.1(a).  To determine whether the instruction probably
caused an improper judgment, an appellate court is required to examine the
entire case from voir dire through closing argument. Transcontinental Insurance, 330 S.W.3d at 225; see TXI
Transportation Company v. Hughes, 306 S.W.3d 230, 242-43 (Tex. 2010) (“Probable
error is not subject to precise measurement, but it is something less than
certitude; it is a matter of judgment drawn from an evaluation of the whole
case from voir dire to closing argument, considering the state of the evidence,
the strength and weakness of the case, and the verdict.”). 

In
its written request for the reporter’s record, Accent Homes requested that the
court reporter prepare all of the trial except for voir dire, opening
statements, and closing arguments. 
Additionally, Accent Homes requested that the court reporter not include
the exhibits in the record but the record before us includes the exhibits.  Although Accent Homes requested preparation
of only a partial reporter’s record, it did not file a statement of the issues
or points which it intended to raise on appeal as required by Tex.R.App.P. 34.6(c)(1).  Consequently, we will not indulge Rule
34.6(c)(4)’s presumption that the partial reporter’s record designated by the
parties constitutes the entire record for purposes of reviewing the stated
points or issues.  Tex.R.App.P.  34.6(c)(4). 
Instead, we will apply the presumption that the omitted portions of the
record are relevant and support the judgment on appeal.  See Bennett
v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002); Christiansen v. Prezelski, 782 S.W.2d 842 (Tex. 1990).  Stated in terms of the harm analysis, we must
presume that the omitted portions of the record are relevant to determining
whether the trial court’s refusal to submit a jury question on negligence
probably caused the rendition of an improper judgment.  In the absence of these parts of the trial
record, we are unable to find reversible error. 
Accordingly, we overrule the sole issue on appeal and affirm the
judgment of the trial court.

 

May 16, 2012                                      ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.











[1]  Accent Homes also sued Kevin Sanchez.  The judgment reflects that the trial court
granted Sanchez’s motion for a directed verdict and rendered judgment in his
favor.  Accent Homes does not raise any
issue with respect to the judgment entered in favor of Sanchez.