**Opinion issued February 28, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-11-00787-CV

_____

### JIMMY T. HATCHETT, Appellant

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-01180**

## MEMORANDUM OPINION

Appellant, Jimmy T. Hatchett, appeals the trial court's dismissal of his suit

against Jules Laird, Jr.[1] for want of prosecution. In his sole issue, Hatchett argues

---

[1]     Laird did not enter an appearance, and nothing in the record reflects that he was served or that he waived or accepted service. Furthermore, Hatchett does not raise any issues with respect to Laird on appeal. Therefore, there is no appellee for the purpose of this appeal. *See Yilmaz v. McGregor*, 265 S.W.3d 631, 637 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) ("To be a 'party' to a lawsuit, one generally must be named in the pleadings and either be served, accept or waive

that the trial court did not provide proper notice of its intent to dismiss his suit for want of prosecution.

We affirm.

## Background

On January 7, 2009, Hatchett, an inmate, filed suit against Laird alleging breach of fiduciary duty, legal malpractice, and other causes of action arising out of Laird's representation of Hatchett in a criminal matter. The record contains a citation issued to Laird that was returned as "not executed" due to a "bad address" for Laird.

On July 14, 2010, the trial court dismissed the case for want of prosecution, but on August 8, 2010, the trial court granted Hatchett's motion to retain and reinstated the case.

On September 7, 2010, Hatchett subsequently filed an unexecuted, unsigned "summons" directed to Laird. On November 9, 2010, Hatchett moved for default judgment, alleging that Laird had been given notice of the suit. The signature block on the motion for default judgment contained a different address for Hatchett than the one used on his original petition.

---

service, or make an appearance. Merely being named in a petition as a defendant does not make one a 'party' to the lawsuit."); *see also Showbiz Multimedia, LLC v. Mountain States Mortg. Ctrs., Inc.*, 303 S.W.3d 769, 771 n.3 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (noting that appellee must be party to trial court's final judgment and someone against whom appellant raises issues or points of error in appellant's brief).

On May 26, 2011, the trial court again dismissed the case for want of prosecution. The order stated that the court notified the parties in writing of its intent to dismiss the case for want of prosecution, and the order finally disposed of Hatchett's claims against Laird.

This appeal followed.

## Analysis

In his sole issue, Hatchett argues that the trial court did not give him proper notice of its intent to dismiss for want of prosecution because it sent the notice to his old address, in spite of Hatchett's having informed the court of his new address. Hatchett does not argue that he did not receive the notice—he states in his brief, "The cause was ultimately dismissed on 5-26-11, appellant received notice of this action (1) month later after that notice had been delivered to his old address despite repeated notice to the Court of the Appellant's address change."

The trial court had authority to dismiss the case for want of prosecution under either Texas Rule of Civil Procedure 165a or under its inherent power. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 2009). However, a party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution. *Id.*; *see* TEX. R. CIV. P. 165a(1) ("Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk . . . to each party not represented by an

attorney. . . .").  The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal.  *Villarreal*, 994 S.W.2d at 630.

Here, Hatchett argues that the trial court mailed the notice of intent to dismiss for want of prosecution to his old address.  However, he has provided no evidence in the record of when or where the notice was sent, and he has provided no evidence in the record that he did not receive actual notice.  As the appellant, Hatchett bears the burden to bring forward an appellate record that enables us to determine whether his complaints constitute reversible error.  *See Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) (stating that burden is on appellant to present sufficient record to show error requiring reversal).  Because the record does not support Hatchett's claim that the trial court sent the notice to the wrong address or that Hatchett did not receive actual notice, we overrule his complaint.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

4