# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-21-00529-CV
---

**Christina Yacopino, Appellant**

**v.**

**Paul Waters, Appellee**

---
### FROM THE COUNTY COURT AT LAW #4 OF WILLIAMSON COUNTY
### NO. 21-1871-FC4, THE HONORABLE JOHN MCMASTER, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Appellant Christina Yacopino appeals from the trial court's order denying her registration of a foreign child-custody determination. On appeal, she challenges the trial court's order in two issues, asserting that the trial court erred by (1) sustaining appellee Paul Waters's objection to the registration for a reason other than one established in Family Code Section 152.305(d) and (2) justifying its refusal to register the foreign determination on the basis that a New York court was in "active proceedings to enforce and/or modify the court order" that Yacopino sought to register. For the reasons explained below, we affirm the trial court's order.

## BACKGROUND

On July 6, 2021, in Williamson County Court, Yacopino filed a "Registration of Child Custody Determination," seeking to register a Suffolk County, New York court's "Order of Decision After Trial" that had been signed on November 22, 2013 ("New York Order"). *See* Tex.

Fam. Code § 152.305(a) (providing mechanism for registering child-custody determination of another state's court in Texas with or without simultaneous request for enforcement). The New York Order established that Yacopino and Waters would share joint custody of their child and that the child would reside with Yacopino.

Waters timely filed an "Objection to Registration of Foreign Judgment and Registration of Child Custody Determination." *See id.* § 152.305(c)(2)-(3), (d). In his objection, Waters asserted that there were ongoing enforcement proceedings in the New York court and that at a July 6, 2021 hearing—the same day that Yacopino sought to register the New York Order in Texas—the New York court recessed the hearing to allow Yacopino to obtain counsel, reset the case for July 30, 2021, and ordered Yacopino to be present at the hearing and return the child to New York. Waters objected "to registering the custody decree in Texas because to do so would make it enforceable in this state and subject to modification at a time when the New York court retains and asserts continuing jurisdiction." The Texas trial court conducted a hearing on the merits of Yacopino's registration on August 18, 2021, at which both parties appeared with their attorneys. After the hearing, the trial court signed an order granting Waters's objection and later signed findings of fact and conclusions of law. This appeal followed.

**STATUTORY FRAMEWORK**

To provide context for the parties' dispute, we briefly outline the relevant statutory provisions. In this case, there is no dispute that the New York Order is a "child custody determination" as defined in the Uniform Child Custody Jurisdiction and Enforcement Act. *See id.* § 152.102(3) (defining "child custody determination" as "judgment, decree, or other order of a court providing for legal custody, physical custody, or visitation with respect to a child," including

2

temporary and initial orders), (8) (defining "initial determination" as "the first child custody determination concerning a particular child"). "A child custody determination issued by a court of another state may be registered in this state, with or without a simultaneous request for enforcement," by sending the required documentation, including a sworn statement that the order sought to be registered has not been modified, to the appropriate Texas state court. *Id.* § 152.305(a).

After receiving a registration request, the Texas state court files the determination as a foreign judgment and provides notice and an opportunity to contest the determination's registration to "the person seeking registration and any parent or person acting as a parent who has been awarded custody or visitation in the child custody determination sought to be registered." *Id.* § 152.305(b), (c)(2). At a contest hearing, the court must confirm the validity of the registered order unless the person contesting its registration establishes:

(1)     the issuing court did not have jurisdiction under Subchapter C;

(2)     the child custody determination sought to be registered has been vacated, stayed, or modified by a court having jurisdiction to do so under Subchapter C; or

(3)     the person contesting registration was entitled to notice, but notice was not given in accordance with the standards of Section 152.108, in the proceedings before the court that issued the order for which registration is sought.

*Id.* § 152.305(d). With this statutory framework in mind, we consider the issues raised by Yacopino on appeal.

3

## ANALYSIS

The parties do not dispute or challenge the trial court's finding relevant to Section 152.305(d)(1) that the Suffolk County court had jurisdiction to issue the New York Order and retains continuing jurisdiction over matters concerning the child, and Waters did not assert in the trial court that he was not given the required notice for the proceedings resulting in the New York Order in violation of Section 152.305(d)(3). The two issues raised by Yacopino on appeal turn on Section 152.305(d)(2)—the trial court's failing to find that the New York Order had been "vacated, stayed, or modified" by the Suffolk County court.

Yacopino argues that the only pending action in Suffolk County is an enforcement action filed by Waters and thus that the trial court erred by (1) sustaining Waters's objection to the registration for a reason other than one established in Family Code Section 152.305(d) and (2) justifying its refusal to register the foreign determination on the basis that a New York court was in "active proceedings to enforce and/or modify the court order" that Yacopino sought to register.

## I.       Standard of Review

"When a matter involving both factual determinations and legal conclusions is decided by the trial court, we review the trial court's decision for an abuse of discretion." *Razo v. Vargas*, 355 S.W.3d 866, 870 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding) (explaining that reviewing court may not substitute its judgment for that of trial court on resolution of factual issues but trial court has no discretion when "determining what the law is or applying the law to the facts"). In a family-law case, "the traditional sufficiency standards of review overlap the abuse of discretion

standard, and appellate courts apply a hybrid analysis" in which challenges to the legal and factual sufficiency of the evidence are not independent grounds of error but are relevant factors when determining whether the trial court abused its discretion. *Zeifman v. Michels*, 212 S.W.3d 582, 587-88 (Tex. App.—Austin 2006, pet. denied). To apply this standard, we conduct a two-pronged inquiry to determine whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its application of that discretion. *Id.* at 588. We conduct the applicable sufficiency review when considering the first prong of the test. *Id.* We then determine whether the trial court made a reasonable decision based on the evidence. *Id.* "A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without any reference to guiding rules or principles."[1] *In re Thetford*, 574 S.W.3d 362, 374 (Tex. 2019) (orig. proceeding) (quoting *In re Meador*, 968 S.W.2d 346, 353 (Tex. 1998) (orig. proceeding)).

Resolution of Yacopino's issues also requires statutory construction, which is a question of law that we review de novo. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). When construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute. *Id.*; *see also First Am. Title Ins. v. Combs*, 258 S.W.3d 627,

---

[1] This Court has reviewed for an abuse of discretion a trial court's order registering a child-custody determination. *Tucker v. Campos*, No. 03-20-00515-CV, 2021 WL 3572678, at *3 (Tex. App.—Austin Aug. 13, 2021, no pet.) (mem. op.). However, we also noted in *Tucker* that we had reviewed de novo a trial court's order granting a motion for nonrecognition of a foreign judgment in the context of the Uniform Foreign-Country Money Judgments Recognition Act. *Id.* at *3 n.2 (citing *Naves v. National W. Life Ins.*, No. 03-08-00525-CV, 2009 WL 2900755 (Tex. App.—Austin Sept. 10, 2009, pet. denied) (mem. op.)). We concluded in *Tucker* that our disposition would be the same even if we applied a de novo standard of review. *Id.* (citing *Mariles v. Hector*, No. 05-16-00814-CV, 2018 WL 3723104 at *6 (Tex. App.—Dallas Aug. 6, 2018, no pet.) (mem. op.), and explaining that under either standard of review, de novo or abuse of discretion, we defer to trial court's credibility determinations and resolutions of conflicting evidence). Similarly, our disposition here would be the same under either standard.

631 (Tex. 2008). We use definitions prescribed by the Legislature and any technical or particular meaning the words have acquired. *City of Rockwall*, 246 S.W.3d at 625 (citing Tex. Gov't Code § 311.011(b)). Otherwise, we construe the statute's text according to its plain and common meaning, unless a contrary intention is apparent from the context or such a construction leads to absurd results. *Id.* at 625-26. We also "read the statute as a whole and interpret it to give effect to every part." *Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011) (quoting *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003)). We turn to Yacopino's issues with these standards in mind.

## II.   Failure to File Reporter's Record

Yacopino has failed to request the reporter's record. *See* Tex. R. App. P. 37.3(c) (addressing when no reporter's record filed due to appellant's fault). The reporter's record was due on January 6, 2022. This Court notified Yacopino by letter dated January 26, 2022, that the reporter's record was overdue, and we provided her with the opportunity to make arrangements for the record. *See id.* (requiring court to give appellant notice and "reasonable opportunity to cure"). Yacopino proceeded to file her appellant's brief without arranging for the reporter's record to be filed. Therefore, we consider this appeal without the reporter's record. *See id.* (authorizing court, when no record is filed due to appellant's fault, to "consider and decide those issues or points that do not require a reporter's record for a decision"). As our sister court explains:

> Texas Rule of Appellate Procedure 37.3(c) directs us to address those issues that do not need the reporter's record for decision. Implicit therein is the notion that we need not consider those issues that are dependent upon the presence of the document. In other words, when the reporter's record is missing and the issue before us depends upon matters within that record we may overrule or reject it.

6

*In re Spiegel*, 6 S.W.3d 643, 646 n.1 (Tex. App.—Amarillo 1999, no pet.).

### III.    Did Waters Establish the Custody Determination Had Been Vacated, Stayed, or Modified?

Yacopino asserts that Waters did not establish that the custody determination had been vacated, stayed, or modified at the time that she filed for its registration.[2] This complaint amounts to a complaint that there is insufficient evidence to support the trial court's order granting Waters's objection to the registration. However, without a reporter's record of the hearing on Yacopino's registration application, we cannot properly assess whether the trial court had sufficient evidence upon which to exercise its discretion. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (per curiam) (holding that when no reporter's record is filed, "it is presumed that the omitted evidence supports the trial court's judgment"); *see also Razo*, 355 S.W.3d at 871-73 (holding evidentiary hearing is required in registration contest if "material facts necessary to determine the issue at hand are controverted"). In the absence of a complete record, we must presume the omitted portions are relevant to disposition of this appeal. *Christiansen v. Prezelski*,

---

[2] Even though Yacopino attached a declaration to her registration in which she attested, "The court order titled ORDER OF DECISION AFTER TRIAL which is attached to these pleadings as Exhibit P-1 has not been modified in any way, based on my knowledge and belief," the Court notes that Yacopino included in the appendix to her appellate brief Waters's "Petition for Enforcement of Order of Visitation Made by Family Court," which was filed in the Suffolk County Family Court on May 14, 2021. Attached to Waters's enforcement petition is what appears to be a Suffolk County Family Court order that incorporates a March 3, 2014 modification of the New York Order that was signed by the parties. However, we may not consider Waters's enforcement petition on appeal because it does not appear in the clerk's record, and as previously discussed, Yacopino failed to request the reporter's record. *See, e.g.*, *Barton v. Barton*, 584 S.W.3d 147, 152 (Tex. App.—El Paso 2018, no pet.) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered.").

7

782 S.W.2d 842, 843 (Tex. 1990) (per curiam). In addition, we presume that these proceedings support the trial court's order, and thus, we cannot evaluate the merits of Yacopino's evidentiary-sufficiency issue. *See Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) (explaining that "absent a complete record on appeal, [court of appeals] must presume the omitted items supported the trial court's judgment"); *In re Spiegel*, 6 S.W.3d at 646 ("Moreover, the reporter's record is so pivotal to our review that its absence obligates us to presume that the missing evidence actually supported the trial court's ruling."); *Middleton v. National Fam. Care Life Ins. Co.*, No. 14-04-00428-CV, 2006 WL 89503, at *1-2 (Tex. App.—Houston [14th Dist.] Jan. 17, 2006, pet. denied) (mem. op.) (affirming trial court's judgment "[b]ecause we are bound by the dual presumption that the omitted record is relevant to the disposition of this appeal and that it supports the trial court's judgment"). Under these circumstances, we cannot determine that the trial court abused its discretion because we cannot conduct the first prong of the test, which requires us to analyze whether the trial court lacked sufficient evidence on which to exercise its discretion. *See Cruz v. Cruz*, No. 14-19-00016-CV, 2019 WL 2942630, at *4 (Tex. App.—Houston [14th Dist.] July 9, 2019, no pet.) (mem. op.) (per curiam). We overrule Yacopino's first issue.

## IV.     Did the Trial Court Err by Basing Its Grant of Waters's Objection on the New York Action?

In Yacopino's second issue, she contends that the trial court erred to the extent that it based its grant of Waters's objection to the registration on the ongoing proceeding in New York, which the court described in its conclusions of law as "active proceedings to enforce and/or modify the court order sought to be registered." Yacopino asserts that the only pending action in New York was an enforcement proceeding, not a modification proceeding, and that the Uniform Child Custody Jurisdiction and Enforcement Act contemplates that two states may have concurrent

jurisdiction to enforce a child-custody determination. *See* Tex. Fam. Code §§ 152.306 (allowing enforcement but not modification of registered custody determination), .307 (providing that if enforcement proceeding is begun in this state and court determines modification proceeding is pending in another state with jurisdiction over custody determination, enforcing court must immediately communicate with modifying court). The plain language of the relevant exception in the statute requires the court to confirm a registered custody determination unless the person contesting registration establishes that "the child custody determination sought to be registered has been vacated, stayed, or modified by a court having jurisdiction to do so under Subchapter C." *Id.* § 152.305(d)(2).

Yacopino's second issue amounts to an argument that the trial court did not make a reasonable decision based on the evidence before it, which is the second prong of the hybrid analysis. Because we have concluded, as explained above, that absent the reporter's record, Yacopino cannot establish that the trial court lacked sufficient evidence that the registration order had been vacated, stayed, or modified, we overrule this issue. *See In re Spiegel*, 6 S.W.3d at 646 (explaining that when appellant has failed to provide reporter's record, under Rule 37.3(c), court is authorized to forgo reviewing dispute that depends upon reporter's record).

## CONCLUSION

For the reasons explained above, we affirm the trial court's order.

_____

Gisela D. Triana, Justice

9

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   August 26, 2022