**AFFIRMED and Opinion Filed April 27, 2023**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-22-00517-CV**

**ANDROMEDA JONES-GILDER, Appellant**
**V.**
**DEQUAYAN KEITH GILDER, Appellee**

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-21-01650**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Reichek

Andromeda Jones-Gilder appeals a default decree of divorce on grounds that she did not receive notice of the final hearing date. Because the record does not affirmatively reflect that Jones-Gilder did not have notice of the trial setting, we affirm.

Jones-Gilder (Wife) and DeQuayan Keith Gilder (Husband) married in 2014 and have one child. In early 2021, Husband filed a petition for divorce. Wife, proceeding pro se in the trial court, answered and later filed a counter-petition for divorce. An associate judge entered temporary orders on March 2, 2021, naming the

parties joint managing conservators of the child. Wife had primary custody with the exclusive right to establish the child's residence, and Husband had visitation rights. Husband was ordered to pay monthly child support and provide health and dental insurance. The parties were ordered to make major medical decisions and education decisions jointly. Husband was given exclusive use of his separate property residence and the furniture in it. Both parties sought district court review of the temporary orders, but nothing in the record reflects the outcome of their requests.

On May 10, 2022, the trial court held a final trial. Wife was not present. Neither Husband nor his counsel had been in contact with her regarding the trial. Husband's counsel stated that the trial court set the date for the final hearing on December 6, 2021, at a pretrial hearing. The trial court noted for the record that a deputy called for Wife in the hallway with no response and that Wife had been on notice of the trial date since the pretrial hearing held on December 6, 2021.

At trial, Husband did not seek any changes to his rights and duties as set out in the temporary orders. According to him, the only issue that remained for trial was the disposition of two vehicles. He asked the court to award a Chevrolet to him and award an Acura to Wife.

After hearing testimony from Husband, the trial court orally pronounced the parties divorced. The parties were named joint managing conservators of their child, with Wife having primary possession and Husband having standard visitation. Husband was ordered to continue to provide medical insurance for the child and pay

–2–

monthly child support. Regarding property, the trial court confirmed the residence was the Husband's separate property and noted that all other personal property, with the exception of the cars, had already been divided. The court awarded the cars as Husband requested.

The trial court signed the final decree of divorce on May 26, 2022. The decree recites that "although duly notified," Wife failed to appear and wholly made default. Wife filed a notice of appeal the next day.

In a single issue, Wife contends the trial court abused its discretion by proceeding to a final trial when she was not given proper notice of the trial date. She argues the trial court violated Texas Rule of Civil Procedure 245, which requires a minimum of forty-five days' notice to the parties of a first trial setting. *See* TEX. R. CIV. P. 245.

A defendant who has filed an answer has a right to notice of all hearings as a matter of constitutional due process. *In re L.G.T.*, No. 05-17-00140-CV, 2017 WL 2729958, at *4 (Tex. App.—Dallas June 26, 2017, no pet.) (mem. op.). Notice of a trial setting does not ordinarily appear in the record and need not affirmatively appear in the record. *In re B.A.E.*, No. 05-12-01113-CV, 2013 WL 4041551, at *2 (Tex. App.—Dallas Aug. 9, 2013, pet. denied) (mem. op.). The law presumes that a trial court will hear a case only after proper notice to the parties. *L.G.T.*, 2017 WL 2729958, at *4; *B.A.E.*, 2013 WL 4041551, at *2. An appellant asserting lack of notice bears the burden to rebut this presumption. *L.G.T.*, 2017 WL 2729958, at *4.

Here, in addition to the presumption of proper notice, the recitation in the divorce decree that Wife was duly notified of trial but failed to appear is some evidence Wife received notice of the final hearing. *See B.A.E.*, 2013 WL 4041551, at *2. Further, at the final hearing, the trial court recited that Wife was given notice on December 6, 2021.

To show she did not have notice, Wife relies on the fact that the trial court's docket sheet does not indicate who was present at the December 6, 2021 pretrial hearing and on the lack of documentary evidence of notice in the record. These facts do not affirmatively show Wife did not receive notice. Wife has the burden to bring forward a record adequate to demonstrate error on the part of the trial court. *Palla v. Bio-One, Inc.*, 424 S.W.3d 722, 727 (Tex. App.—Dallas 2014, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)). To the extent a record was made of the pretrial hearing, Wife did not request it or provide it to this Court. Therefore, she has not provided the information necessary to rebut the trial court's determination that notice was provided to her at that hearing. Because nothing in the record affirmatively shows a lack of notice, Wife has not overcome the presumption of proper notice. We overrule her sole issue.

We affirm the trial court's final decree of divorce.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

220517F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ANDROMEDA JONES-GILDER,
Appellant

No. 05-22-00517-CV     V.

DEQUAYAN KEITH GILDER,
Appellee

On Appeal from the 302nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-21-01650.
Opinion delivered by Justice
Reichek. Justices Partida-Kipness
and Miskel participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's final decree of divorce.

It is **ORDERED** that appellee DEQUAYAN KEITH GILDER recover his costs of this appeal from appellant ANDROMEDA JONES-GILDER.

Judgment entered this 27th day of April 2023.