**Affirmed and Memorandum Opinion filed October 1, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00769-CV

---

**KENNETH DAVID PRATHER, Appellant**

**V.**

**ASHLEY LYNN PRATHER, Appellee**

---

**On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2020-77323**

---

## M E M O R A N D U M   O P I N I O N

Kenneth David Prather appeals an Agreed Order in Suit to Modify Parent-Child Relationship (the "Agreed Order"). First, he challenges the validity of the underlying mediated settlement agreement (the "MSA"). Second, he contends the trial court erred by denying an extension of time to allow arbitration. Because Kenneth's first issue is devoid of record support and his second issue is unsupported by adequate briefing, we affirm the Agreed Order.

## Background

Kenneth and Ashley Lynn Prather were divorced in April 2022. Several months later, Kenneth filed an emergency petition to modify the parent-child relationship; Ashley filed motions for child support enforcement and for property division enforcement. The parties, both represented by counsel, signed a mediated settlement agreement for temporary orders in October 2022. Kenneth's counsel withdrew in January 2023, and Kenneth represented himself thereafter. The court ordered the parties to mediation.

In May 2023, the parties mediated their dispute, and our record contains a signed MSA settling "all claims and controversies between them. . . ." The MSA provided that parties "shall submit" to binding arbitration with the mediator of all: (a) drafting disputes, (b) issues regarding the agreement's interpretation, and (c) issues regarding the parties' intent as reflected in the agreement. The MSA was filed with the trial court. Ashley filed a proposed "Agreed Order in Suit to Modify Parent-Child Relationship" incorporating the terms of the MSA, which was circulated among the parties in September 2023. On September 18, Kenneth filed an "Answer," in which he stated:

> The presiding judge ordered the submission of the MSA on 9/15/2023. The opposing coun[sel], amicus and I have yet to arbitrate the outstanding issues of the MSA. . . . I am asking the court to postpone the entry until Arbitration can occur or dismiss the Entry and allow us to bring these issues in front of the court to be handled by the Judge.

This single-page document was neither notarized nor verified, and nothing indicates that this filing was brought to the trial judge's attention. The trial court signed the Agreed Order on September 21, 2023. Kenneth did not file any post-judgment motions.

Kenneth timely noticed his appeal.

2

## Validity of MSA

Kenneth first complains that the MSA is not valid. Specifically, he argues that the mediator was not impartial and that he, Kenneth, did not sign the MSA. Kenneth claims that the mediator "became frustrated" with him "for not heeding her judg[]ment and influence . . . , causing her to become angry and leave the mediation. . . ." He also contends that there "are witnesses and affidavits proving [he] did not sign the MSA. . . ."

Kenneth directs us to nothing in the appellate record—nor have we found any record evidence—to support these contentions.[1] It is the appellant's burden to demonstrate error requiring reversal. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam); *Bentley v. Peck*, No. 14-17-00561-CV, 2018 WL 4869484, at *2 (Tex. App.—Houston [14th Dist.] Oct. 9, 2018, pet. denied) (mem. op.). When, as here, no objections are lodged or a party otherwise has not informed the trial court that he does not consent to a mediated settlement agreement, the trial court has a ministerial duty to enforce the agreement. *See Fortis Benefits v. Cantu*, 234 S.W.3d 642, 651 (Tex. 2007); *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995).

Because Kenneth has not shown that the MSA is invalid for the reasons he claims, we overrule his first issue.

---

[1] Kenneth's brief provides the court minimal assistance because it includes no record references, contrary to the rules of appellate procedure. *See* Tex. R. App. P. 38.1(i) (requiring briefs to contain citations to the record); *see also San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (explaining that parties asserting error on appeal must provide some specific argument and analysis showing that the record and the law supports their contentions). We have nonetheless reviewed the available record in evaluating his challenge to the MSA.

## Extension of Time

In his second issue, Kenneth contends the trial judge erred by "denying an extension of time to allow arbitration." His argument in support of this issue is as follows:

> The Judge erred by not following the basic Texas Arbitration Rules, as well as entering the MSA where it is outlined in the agreement that Arbitration be mandatory in the ongoing issue concerning Child Support Enforcement, thus violating the very MSA that was entered. By allowing the Appellee and counsel to refuse to honor the writing of the MSA to attend Arbitration, the Appellee and counsel were allowed to write in the Final Orders precepts to fulfill their own personal agenda, thus making the Final Orders unrecognizable to the terms in Mediation.

An appellate brief must contain a clear and concise argument in support of the contentions made, with appropriate citations to the record and legal authorities. *See* Tex. R. App. P. 38.1(i). As a pro se litigant, Kenneth is held to the same standards as a licensed attorney and must comply with all applicable rules of procedure. *See Harrison v. Reiner*, 607 S.W.3d 450, 457 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). A pro se litigant must properly present his case on appeal just as he is required to properly present his case to the trial court; if this were not the rule, pro se litigants would benefit from an unfair advantage over those parties represented by counsel. *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.). It is an appellant's burden to cogently discuss his assertions of error, and we have no duty to perform an independent review of the record and the law to determine whether there is error. *Alleyton Res. Co. v. Ball*, No. 14-19-00816-CV, 2021 WL 2252232, at *14 (Tex. App.—Houston [14th Dist.] June 3, 2021, pet. denied) (mem. op.).

4

Kenneth provides no record references or legal authority in support of this issue. Because Kenneth has inadequately briefed this issue, it presents nothing for our review and we overrule it.

## Conclusion

Having overruled both of Kenneth's issues, we affirm the Agreed Order.


/s/　　Kevin Jewell
　　　　Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.