**Opinion issued April 15, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00532-CV

_____

**FRANCESSIE ABRAM, Appellant**

**V.**

**EAGLEWOOD HOMEOWNERS' ASSOCIATION, INC., Appellee**

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 20-DCV-270701**

---

## MEMORANDUM OPINION

Following a bench trial, the trial court rendered judgment awarding appellee Eaglewood Homeowners' Association, Inc. (Eaglewood) damages on its breach of fiduciary duty and conversion claims against appellant Francessie Abram. On appeal, Abram seeks reversal in two issues by asserting that the evidence was legally

insufficient to support the judgment. Despite having the burden to provide a record demonstrating error, Abram did not file a reporter's record from trial. The law is well settled that, when an appellant challenges the sufficiency of the evidence supporting the trial court's judgment but fails to file a record of the trial proceedings, we presume that the missing record contains sufficient evidence to support the judgment. Accordingly, following that controlling law, we affirm.

## Background

Eaglewood is the homeowners' association for the Eaglewood Subdivision in Fort Bend County, Texas.[1] Abram served as the president of Eaglewood's board of directors. After her tenure as president ended, Abram filed suit against Eaglewood and other parties associated with it. She alleged that the defendants had violated Eaglewood's bylaws when they did not count certain proxy votes at its annual meeting. Abram asserted claims for breach of contract and breach of fiduciary duty.

Eaglewood counterclaimed against Abram, asserting claims for conversion and breach of fiduciary duty. Eaglewood alleged that, when she was president, Abram had "usurped decision-making authority that properly belong[ed] to the whole Board, in violation of the [its] bylaws." For example, it asserted that Abram

---

[1] Because Abram did not file a reporter's record, our discussion of the background is based on the clerk's record. *See Cisneros v. Cisneros*, No. 14-14-00616-CV, 2015 WL 1143125, at *1 (Tex. App.—Houston [14th Dist.] Mar. 12, 2015, no pet.) (noting that, in absence of reporter's record, background facts were "based on the clerk's record alone").

2

entered into a contract on its behalf without board approval. Eaglewood also alleged that Abram refused to return its documents and equipment.

Abram nonsuited her claims, but Eaglewood pursued its counterclaim against her. Following a bench trial, the trial court rendered judgment in Eaglewood's favor. The court signed a judgment ordering Abram to pay Eaglewood $167,013.15 in damages. The court signed findings of fact and conclusions of law supporting its judgment.

Abram timely appealed. The trial court clerk filed the clerk's record, but no reporter's record was filed. The court reporter notified this Court that Abram "ha[d] not paid or made arrangements to pay for the [reporter's] record and [was] not appealing as indigent."

The Clerk of this Court then notified Abram that unless she caused the reporter's record to be filed, made arrangements to pay for the reporter's record, or provided proof that she was entitled to proceed without payment, the Court could consider the appeal without a reporter's record. *See* TEX. R. APP. P. 37.3(c). The Clerk further notified her that, under the circumstances, she may be required to file her brief without a reporter's record unless she submitted written evidence within 30 days showing that she had paid or arranged to pay for the record. *See id.* The Clerk's notice also informed Abram that, if she believed that she was exempt from paying

for the reporter's record due to indigence, she should file a detailed explanation by the due date. *See id.* R. 20.1. Abram did not respond to the notice.

Thirty-one days later, the court reporter informed this Court that Abram had still not paid for the reporter's record. We notified Abram that we would consider and decide those issues that did not require a reporter's record for a decision and directed her to file her brief within 30 days. *See id.* R. 37.3(c), 38.6(a), (d). Abram filed her brief by the deadline.[2]

In two issues, Abram contends that the evidence was legally insufficient to support the trial court's judgment. She asserts that "no evidence in the record suggests or establishes" that she breached her fiduciary duty and caused Eaglewood to incur the damages awarded.

**Without a Record, the Court Presumes That Evidence Supports the Judgment**

An appellant bears the burden to present a sufficient record to show error requiring reversal. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. TEX. R. APP. P. 34.1. To obtain a reporter's record on appeal, an

---

[2] In her brief, Abram states that she could not afford the cost of preparing the reporter's record. She claims—without support—that she "applied[] through the indigency process" in the trial court to obtain "the trial transcript." She stated that she had not received "a decision from the trial court concerning the approval of her application." We note that the record does not reflect that Abram was indigent for purposes of the trial-court proceedings. And she has not complied with the requirements of Rule of Appellate Procedure 20.1 to establish that she was entitled to proceed on appeal without paying for the record. *See* TEX. R. APP. P. 20.1.

4

appellant must request that the court reporter prepare the record and, if not indigent, arrange for payment of the court reporter's fee. *See id.* R. 35.3(b).

"A reporter's record is required . . . to preserve evidentiary complaints for appellate review when evidence is introduced in open court." *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 150 (Tex. 2015); *see Lohmann v. Sanchez*, No. 01-19-00984-CV, 2021 WL 3043415, at *6 (Tex. App.—Houston [1st Dist.] July 20, 2021, pet. denied) ("Issues depending on the state of the evidence cannot be reviewed without a complete record, including the reporter's record."). An appellant "cannot prevail in any evidentiary challenge without first meeting [her] burden of presenting a sufficient record on appeal." *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "We indulge every presumption in favor of the trial court's findings in the absence of a [reporter's record]." *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998).

Abram asserts that the evidence is legally insufficient to support the trial court's judgment. "Evaluation of the sufficiency of the evidence supporting the trial court's judgment requires that we review the evidence submitted during trial." *Van Ness v. Hobbs*, No. 01-22-00631-CV, 2023 WL 3311124, at *1 (Tex. App.—Houston [1st Dist.] May 9, 2023, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 810–11, 822 (Tex. 2005)).

Here, we cannot conduct that review because no reporter's record has been filed. Despite receiving notice from this Court, Abram—who did not establish indigency—failed to pay for the reporter's record. *See* Tex. R. App. P. 20.1., 35.3(b)(3), 37.3(c). Without that record, Abram has not met her burden of providing a record showing that the evidence is legally insufficient. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (recognizing that, "when an appellant complains of the factual or legal sufficiency of the evidence, the appellant's burden to show that the judgment is erroneous cannot be discharged in the absence of a complete or an agreed statement of facts" (footnote omitted)).

Because no reporter's record was filed due to Abram's non-payment, we must presume the missing record contains legally sufficient evidence to support the trial court's findings and its judgment rendered on those findings. *See Bryant*, 972 S.W.2d at 31; *see, e.g.*, *Gordon v. Godsey*, No. 01-07-00494-CV, 2007 WL 4465389, at *2 (Tex. App.—Houston [1st Dist.] Dec. 20, 2007, no pet.) ("If, as here, the trial court conducts a bench trial and enters findings of fact, and if the record on appeal does not include the reporter's record from the bench trial, we must presume that the evidence presented at trial was sufficient to support the trial court's findings and judgment."). Accordingly, we reject Abram's legal sufficiency challenges and overrule her first and second issues. *See Schafer*, 813 S.W.2d at 155; *Van Ness*, 2023 WL 3311124, at *1.

6

## Conclusion

We affirm the judgment of the trial court.

Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.