

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00134-CV

---

**IN THE ESTATE OF ROSE MARY ADELL RENTFRO, DECEASED**

---

On Appeal from the County Court
Parker County, Texas
Trial Court No. 24P225, Honorable Pat Deen, Presiding

---

August 13, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

This appeal arises from a will contest in Parker County, Texas. Appellant, Joe Vernon, challenges the trial court's denial of his application to probate the Will of Rose Mary Adell Rentfro. He raises four issues: (1) the exclusion of his witnesses based on an alleged failure to timely disclose them; (2) the refusal to admit the Will, which contained a self-proving affidavit; (3) the denial of his right to testify; and (4) the lack of notice of the probate hearing under Texas Rule of Civil Procedure 21a. We affirm.[1]

---

[1] This appeal was transferred from the Second Court of Appeals pursuant to the Texas Supreme Court's docket equalization authority. TEX. GOV'T CODE ANN. § 73.001. In case of conflict, we apply the precedent of the Second Court of Appeals. TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251 (Tex. 2022).

## ANALYSIS

Each of Vernon's issues turns on proceedings that occurred during the trial court hearing. Yet Vernon has not provided a reporter's record. Without that record, we are unable to evaluate the circumstances underlying the court's rulings or whether Vernon preserved any of his complaints for appellate review. *See* TEX. R. APP. P. 33.1.[2]

On the first issue, Vernon argues the court erred in excluding his witnesses based on untimely disclosure. However, without a transcript, we cannot determine whether Vernon presented argument or evidence showing he properly served disclosures, or whether the trial court considered and rejected such evidence.

As to the second issue, Vernon contends the Will should have been admitted as self-proved. The trial court's findings indicate it rejected the Will's authenticity and deemed the affidavit insufficient. But again, the record is silent as to what evidence or testimony Vernon offered in support of the Will, or whether he objected to the court's ruling.

In his third issue, Vernon asserts he was improperly excluded from testifying. The trial court found he was incompetent to testify because he was a devisee under the Will. While that may bar testimony about certain matters, it does not necessarily preclude all testimony. Yet there is no offer of proof or indication of what Vernon intended to say, nor can we tell whether he raised a timely objection or request to testify.

---

[2] An inquiry by the Clerk of this Court determined there was no court reporter at the hearing, no audio recording of the hearing, and therefore no transcript can be made available for our review.

Finally, Vernon complains he received no notice of the hearing under Rule 21a. The clerk's record contains no motion for continuance or objection. Whether he raised this issue at the hearing is unknown and cannot be determined in the absence of a reporter's record.

The burden is on the appellant to present a record sufficient to show reversible error. *Chau Ong v. Yu Ting Wang*, No. 02-24-00511-CV, 2025 Tex. App. LEXIS 3860, at *7 (Tex. App.—Fort Worth June 5, 2025, no pet. h.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam)). Without a reporter's record, we must presume the trial court's rulings were supported by the evidence and that no reversible error occurred. *Id.*

All of Vernon's issues are overruled.

### CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

3