

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00068-CV

———————————————

GINA CAROL SHORKEY, Appellant

V.

ELIZABETH WELLS, Appellee

---

On Appeal from Probate Court No. 2
Tarrant County, Texas
Trial Court No. 2023-PR02273-2A

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Gina Carol Shorkey challenges the final declaratory judgment entered against her. According to Shorkey, the trial court abused its discretion by rendering judgment without ruling on—or, more accurately, without granting—her post-trial motion to withdraw her deemed admissions. But Shorkey has failed to provide a reporter's record of the bench trial, so even if we assume that the trial court's failure to address or grant her motion was erroneous, Shorkey cannot show harm. Accordingly, we will affirm.

## I. Background

Appellee Elizabeth Wells sued Shorkey in 2023, seeking declarations regarding Shorkey's allegedly fraudulent transfer of property. In the months that followed, Shorkey failed to respond to two sets of requests for admissions, and in each instance, the requests were deemed admitted, and Wells filed them with the trial court. *See* Tex. R. Civ. P. 198.2(c) ("If a response [to requests for admissions] is not timely served, the request is considered admitted without the necessity of a court order.").

Then, in November 2024, the parties tried their case to the bench. It is unclear what role, if any, the deemed admissions played at trial; the appellate record does not contain a transcript of the bench trial. However, several days after the trial's conclusion—and the day before the trial court signed its final judgment—Shorkey

2

filed her motion seeking to strike one of her two sets of deemed admissions.[1]  *See* Tex. R. Civ. P. 198.3 (discussing requirements for party to withdraw deemed admissions). The trial court rendered final judgment in Wells's favor without mentioning Shorkey's motion.

Shorkey responded by moving for a new trial, claiming that the trial court had erred by failing to rule on her motion prior to rendering judgment and that she was entitled to a new trial "[i]f deemed admissions were the sole basis for any material fact."  She did not identify any material fact for which "deemed admissions were the sole basis."  The motion for new trial was overruled by operation of law.

## II. Discussion

Shorkey's two appellate issues boil down to a single complaint:  She asserts that the trial court abused its discretion by failing to consider or grant her motion before it entered the final judgment.[2]  But even assuming that Shorkey adequately briefed this complaint[3] and that the trial court abused its discretion as alleged[4]—both questionable

---

[1]The motion addressed just one of Shorkey's two sets of deemed admissions, and it stated that Shorkey had "filed responses [to that set of requests for admissions] one day late due to a calendaring error."  [Emphasis removed.]

[2]Shorkey frames her two issues as (1) that "the trial court erred by rendering judgment without ruling" on the motion and (2) that "the trial court abused its discretion by denying [her] Motion for New Trial based on the [trial] court's failure to address the deemed admissions."

[3]Shorkey's nine-page appellate brief contains zero citations to the record.  *See* Tex. R. App. P. 38.1(g) (requiring appellant's brief to include statement of facts "supported by record references"), (i) (requiring appellant's brief to include argument

3

"with appropriate citations . . . to the record"); *Cruz v. Gonzalez*, No. 02-23-00440-CV, 2024 WL 4002383, at \*1–2 (Tex. App.—Fort Worth, Aug. 30, 2024, no pet.) (mem. op.) (quoting requirements). And her legal argument relies upon conclusory statements rather than substantive analysis, asserting, for example, that "[t]he motion was timely" and that "[t]he trial court's refusal to consider the motion deprived Appellant of a fair trial." *See* Tex. R. App. P. 38.1(i) (requiring appellant's brief to include "argument for the contentions made"); *Cruz*, 2024 WL 4002383, at \*1–2 (holding appellant failed to adequately brief any issues and noting "the lack of substantive legal analysis").

[4]Even if—as Shorkey asserts—the trial court's final judgment was not an implicit ruling on the motion, a trial court abuses its discretion by failing to rule on a pending motion only if the trial court has "be[en] made aware of the movant's desire for a ruling" and fails or refuses to rule within "a reasonable amount of time." *In re Avalon Care Grp., LLC*, No. 02-23-00051-CV, 2023 WL 2430023, at \*2 (Tex. App.—Fort Worth Mar. 9, 2023, orig. proceeding) (mem. op.); *see Unifund CCR Partners v. Smith*, No. 05-07-01449-CV, 2009 WL 2712385, at \*2 (Tex. App.—Dallas Aug. 31, 2009, pet. dism'd) (mem. op.). Here, Shorkey did not request a pre-judgment hearing or otherwise make the trial court aware of her desire for a ruling before the judgment was rendered. *See Ennis, Inc. v. Dunbrooke Apparel Corp.*, 427 S.W.3d 527, 533 (Tex. App.—Dallas 2014, no pet.) ("[O]rdinarily the filing of a motion, without more, does not give rise to an inference that the trial court is actually aware of it."). Moreover, she filed her motion the day before the trial court rendered final judgment, and she has not cited any authority holding that one day exceeds a trial court's "reasonable amount of time" to rule on a motion to withdraw deemed admissions. *Cf. Avalon Care Grp.*, 2023 WL 2430023, at \*2–3 (holding trial court abused its discretion by failing to rule eight months after hearing on summary judgment motion despite reminders).

On the other hand, to the extent that the trial court implicitly denied Shorkey's motion in rendering final judgment and failing to grant her motion for new trial, Shorkey cannot show that this was an abuse of discretion either. To withdraw deemed admissions, the movant must show that the withdrawal would not cause undue prejudice. *See In re Euless Pizza, LP*, 702 S.W.3d 543, 546–47 (Tex. 2024) (orig. proceeding). And "[u]ndue prejudice depends on whether withdrawing an admission . . . will delay trial or significantly hamper the opposing party's ability to prepare for it" and whether, absent withdrawal, "the case [will be] decided on deemed (but perhaps untrue) facts." *Id.*; *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005). Here, Shorkey filed her motion to withdraw several days after trial, effectively asking the trial court to retract evidence after the fact even though Wells had likely relied upon that evidence to prepare for and present her case. *See Morgan v. Timmers Chevrolet,*

assumptions—Shorkey's complaint fails because she cannot demonstrate harm. *See* Tex. R. App. P. 44.1(a).

For a trial court error to warrant reversal, the error must have "probably caused the rendition of an improper judgment." *Id.* An appellate court can assess error only in the context of the entire record. *See In re Commitment of Jones*, 602 S.W.3d 908, 914 (Tex. 2020). And "[t]he burden is on the appellant to see that a sufficient record is presented to show error requiring reversal." *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *see MSW Corpus Christi Landfill, Ltd. v. Gulley-Hurst, L.L.C.*, 664 S.W.3d 102, 109 (Tex. 2023) (recognizing that "[a] party complaining" of an abuse of discretion "has the burden to bring forth a record showing such abuse"); *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987) (similar); *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968) (similar). If the appellate record does not include a complete reporter's record, absent circumstances not relevant here,[5] "the reviewing court must presume that the evidence before the trial judge was adequate to support

*Inc.*, 1 S.W.3d 803, 807 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (holding trial court abused its discretion by allowing withdrawal of deemed admissions when movant "wait[ed] more than two years, until after the trial began, to try to withdraw [the] deemed admissions upon which the [opposing party] had relied in preparing their case"). Of course, we do not know for certain whether Wells relied upon the deemed admissions at trial because Shorkey has not provided a reporter's record. But for the same reason, Shorkey cannot show that the case was "decided on deemed (but perhaps untrue) facts." *Euless Pizza*, 702 S.W.3d at 547.

[5] *See* Tex. R. App. P. 34.6(c) (contemplating an appellant's request for a partial reporter's record with "a statement of the points or issues to be presented on appeal" and clarifying procedures and presumptions in such circumstances).

the [resulting] decision." *MSW Corpus Christi Landfill*, 664 S.W.3d at 109; *Simon*, 739 S.W.2d at 795; *Englander*, 428 S.W.2d at 806–07.

Shorkey complains that the trial court abused its discretion by failing to rule on or grant her "dispositive" motion before it rendered the final judgment. *See Euless Pizza*, 702 S.W.3d at 547 (applying abuse of discretion standard in review of trial court's ruling on motion to withdraw deemed admissions); *cf. Avalon Care Grp.*, 2023 WL 2430023, at *2 (applying abuse of discretion standard in mandamus review of trial court's failure to rule on pending pretrial motion). But we have no way of assessing whether the motion was indeed "dispositive."

Shorkey chose not to pay for the reporter's record, so we do not have a transcript of the bench trial proceedings or copy of the trial exhibits, and thus we have no way of assessing whether the deemed admissions were material to the trial court's final judgment.[6] *See* Tex. R. App. P. 35.3(b)(3) (requiring reporter to file record only if the responsible party pays, or makes arrangements to pay for, the reporter's record, or

---

[6]The court reporter filed letters with this court representing that Shorkey had not paid for the reporter's record. After no party responded to our letter acknowledging the lack of payment and warning that the failure to timely respond would result in our considering and deciding only those appellate issues that did not require a reporter's record for a decision, we again notified the parties about the lack of payment, and we indicated that we would consider and decide only those issues that did not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c)(2). Shorkey later moved for an extension of time to file her appellant's brief, indicating that although she had previously lacked the funds to pay for the reporter's record, she had since "obtained the necessary portions of the appellate record and ha[d] prepared her brief." Despite these statements, no reporter's record was ever filed.

is entitled to appeal without fees); *Christiansen*, 782 S.W.2d at 843 (explaining that, unless an appellant files a complete reporter's record or complies with the appellate rules governing partial records, the appellate court is "unable to ascertain whether a particular ruling by the trial court is harmful in the context of the entire case"); *cf. Englander*, 428 S.W.2d at 807 (recognizing that the appellant bears the burden to show reversible error and that "[w]hen the complaint is that the evidence is factually or legally insufficient . . . or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts"). Absent a reporter's record, we cannot tell whether the deemed admissions were material—whether the record contains sufficient evidence to support the final judgment without Shorkey's admissions. *See Christiansen*, 782 S.W.2d at 843 (explaining that if an appellant fails to provide a complete reporter's record, the appellate court will "presume[] that the omitted portions are relevant to the disposition of the appeal"); *cf. Englander*, 428 S.W.2d at 806–07 (rejecting insufficiency complaint based on presumption that missing portions of reporter's record supported judgment). So even assuming that Shorkey adequately briefed her issue and that the trial court abused its discretion in failing to rule on her motion, Shorkey cannot show that the failure probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a).

We overrule her two issues.

### III. Conclusion

Because the absence of a reporter's record prevents Shorkey from demonstrating that the trial court's complained-of actions were harmful, we affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  October 23, 2025

8